In re COLONY INSURANCE, Relator.

No. 05–98–01391–CV

Court of Appeals of Texas, Dallas.

Nov. 4, 1998.

Merry Miller, Gann, Miller & Edwards, Houston, for Relator.

Judge, Hon. John M. Marshall, George L. Allen, Dallas, for Respondent.

John C. Tollefson, Knox & Tollefson, Mark A. Ticer, Law Office of Mark A. Ticer, Dallas, for Real Parties .

Before LAGARDE, JAMES, and ROACH, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

LAGARDE, Justice.

Relator Colony Insurance Company seeks a writ of mandamus to compel the trial court judge to sever certain claims from others in the underlying litigation. Colony sued for a declaratory judgment concerning the rights and duties of the parties to an insurance policy sold by Colony to real party in interest Donald DeChant. DeChant counterclaimed, asserting extracontractual, bad faith claims against Colony. Colony moved to sever the bad faith claims from its declaratory judgment action. On July 28, 1998, the judge signed a formal, written order granting Colony's motion to sever.

The judge later indicated, however, that he would reconsider the severance. On August 21, 1998, he conducted a hearing. At the conclusion of the hearing, he stated, "The Court is going to overrule the motion to sever." The record does not contain any formal, written, and signed order reflecting this ruling.

We are aware that at least one court has concluded that, since the new Texas Rules of Appellate Procedure have gone into effect, a formal, written, and signed order is no longer necessary, if a court's ruling is adequately shown by the reporter's record. *In re Perritt*, 973 S.W.2d 776, 779–80 (Tex.App.—Texarkana 1998, orig. proceeding). Even so, we have concerns about the state of the record before us.

First, the trial judge did sign a formal, written order originally granting the severance. There is no formal, written, and signed order expressly vacating that July 28, 1998 order. We question whether a written, signed order already in place can be vacated by anything other than another written, signed order. *See Stephens v. Henry S. Miller Co.*, 667 S.W.2d 250, 252 (Tex.App.—Dallas 1984, writ dism'd by agr.) (simply striking through a date and signature is not enough to vacate a previously signed judgment; a judgment cannot be vacated without a signed written order). In short, we are not in the posture in which the court in *Perritt* found itself; if the July 28, 1998 order has not been successfully vacated, it remains the effective ruling of the trial court.

Second, the trial judge stated, "The Court is *going to overrule* the motion to sever" (emphasis added). Yet the rendition of an order is "a present act, either by spoken word or signed memorandum, which decides the issues upon which the ruling is made." *See Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976). A court's letter to counsel asking them to submit a draft of a final order shows that the letter is not intended as the appealable order. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398 (Tex.1982) (per curiam). In this case, the judge's use of a future tense indicates an intent to rule in the future, not a present act. But the judge has already reconsidered his ruling on the severance once, and he may do so again when he is presented with a draft order memorializing his ruling. We will not issue a writ of mandamus when the petition and the record supporting it require us to speculate. *See Frink v. Blackstock*, 813 S.W.2d 602, 604 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). For these reasons, we conclude that the reporter's record does not "adequately show" the trial judge's present ruling on Colony's motion to sever. *See Perritt*, 973 S.W.2d at 779. The trial court's written order of July 28, 1998, remains the definitive ruling on Colony's motion to sever.

We deny Colony's petition for writ of mandamus.