NO. 07-02-0338-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 29, 2002



______________________________




IN RE HAZEL WELCH, RELATOR



_________________________________



ORIGINAL PROCEEDING



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, S.J. (1)

 Relator Hazel Welch seeks issuance of a writ of mandamus directing Respondent,
the Honorable Andy Kupper, Judge of the 286th District Court, to vacate a discovery order. 
We deny the petition. 

 Relator Welch filed suit against Real Party in Interest Dorothy Smith d/b/a the
Bounty Restaurant as the result of personal injuries Welch claims occurred when she fell
on the premises of the Bounty Restaurant. Smith answered and forwarded interrogatories
and a request for disclosure to Welch. Smith's interrogatory number 12 reads as follows: 
 For the period beginning ten (10) years prior to the accident made the
subject of this lawsuit to the present, state the full name, present address
and telephone number of each person, entity or institution (whether
hospitals, medical doctors, chiropractors, or any other type of practitioner of
the healing arts) who has provided health care services to you. 


 Welch responded by objecting. She asserted that the interrogatory was "overbroad
and violates the physician-patient privilege." She disclosed that she was withholding
information responsive to the request.

 Request for disclosure number j. requested 

 All medical records and bills that are reasonably related to the injuries or
damages asserted by you in this suit or, in lieu thereof, an authorization
permitting the disclosure of such medical records and bills (form attached). 


 The attached form was a form which authorized release of any and all of Welch's
healthcare records, both treatment and business records, to Smith's attorneys or agents. 
The release was not limited as to time or type of treatment.

 Welch responded, in part, to the request for disclosure by providing a limited
release for healthcare records. The release authorized Smith's attorneys or agents to
obtain copies of records and documents concerning Welch's healthcare treatment on or
after the date of her fall in the Bounty. 

 Smith filed a motion to compel. By her motion, Smith sought an order compelling
Welch to execute "an appropriate medical authorization allowing for the retrieval of
[Welch's] prior medical information. . . ." The trial court heard the motion to compel on July
12, 2002. We do not have a record of the hearing, thus have no record of the trial court's
ruling or the evidence on which it was based. Welch asserts, and Smith does not contest,
that following the hearing of July 12th, the trial court ordered Welch to

 1. Identify to [Smith] the full name, present address and telephone number
of each person, entity or institution (whether hospitals, medical doctors,
chiropractors, or any other type of practitioner of the healing arts) who has
provided health care services to [Welch], for the period beginning ten (10)
years prior to the accident made the subject of this lawsuit; 

 2. Execute and deliver to [Smith] an authorization for the release of medical
information, medical records, and/or medical reports relating to any medical
treatment and/or consultation received by [Welch] during the period
beginning ten (10) years prior to the date of the accident made the subject
of this lawsuit to the present. 


 By two issues, Welch urges that we should issue a writ of mandamus directing the
trial court to vacate its order. First, Welch asserts that the trial court's ordering her to sign
an unlimited medical release for the ten years preceding the accident was an abuse of
discretion. Next, she argues that the trial court abused its discretion in allowing discovery
of the identity, treatment by and diagnosis made by every physician and hospital where
she was treated for ten years prior to the accident. Her basis for both issues is Tex. R.
Evid. 509(c)(1) and (2) and, among other authorities, R.K. v. Ramirez, 887 S.W.2d 836
(Tex. 1994); Mutter v. Wood, 744 S.W.2d 600 (Tex. 1988); and Midkiff v. Shaver, 788
S.W.2d 399 (Tex.App.--Amarillo 1990, no writ). 

 A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a
clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no
other adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304,
305 (Tex. 1994). To establish the first requirement for mandamus relief, an abuse of
discretion, the complaining party must demonstrate that the trial court acted unreasonably,
arbitrarily, or without reference to guiding rules and principles. See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). In regard to decisions based on
factual matters, an abuse of discretion occurs if the trial court could reasonably have
reached only one conclusion, and it reached a contrary conclusion. See Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992). 

 It is the relator's burden to show entitlement to the relief being requested. See
generally Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding). In order to find that the trial court abused its discretion, the reviewing court
must conclude that the facts and circumstances of the case extinguish any discretion in
the matter. See id. at 918. In making such evaluation, the reviewing court must focus on
the evidence and matters before the trial court at the time the challenged ruling was made. 
See In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998); Midkiff, 788 S.W.2d
at 403 (trial court's discretion is to be exercised based on the record as constituted when
presented for its decision). The relator in a mandamus proceeding must file a certified
sworn copy of every document that is material to the relator's claim for relief and that was
filed in any underlying proceeding and a properly authenticated transcript of any relevant
testimony from any underlying proceeding including any exhibits offered in evidence, or
a statement that no testimony was adduced in connection with the matter about which
complaint is made. See Tex. R. App. P. 52.7(a). A court of appeals may not grant
mandamus relief when the petition and record before it require the court to speculate. See
In re Colony Ins., 978 S.W.2d 746, 747 (Tex.App.--Dallas 1998, orig. proceeding); Frink
v. Blackstock, 813 S.W.2d 602, 604 (Tex.App.--Houston [1st Dist.] 1991, orig. proceeding). 

 The trial court's order was made following an evidentiary hearing. We do not know
what evidence was presented during the hearing and can only speculate as to what
comprised the record before the trial court at the time its ruling was made. We cannot
determine that the trial court abused its discretion based on speculation. See In re Bristol-Myers Squibb Co., 975 S.W.2d at 605; In re Colony Ins., 978 S.W.2d at 747; Midkiff, 788
S.W.2d at 403. 

 Relator's petition for writ of mandamus must be and is denied. 

 

 Phil Johnson

 Justice



Do not publish. 

 


 


 







 


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.