NO. 07-02-0338-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 29, 2002

_____

IN RE HAZEL WELCH, RELATOR

_____

ORIGINAL PROCEEDING

_____

Before REAVIS and JOHNSON, JJ., and BOYD, S.J.[*]

Relator Hazel Welch seeks issuance of a writ of mandamus directing Respondent, the Honorable Andy Kupper, Judge of the 286th District Court, to vacate a discovery order. We deny the petition.

Relator Welch filed suit against Real Party in Interest Dorothy Smith d/b/a the Bounty Restaurant as the result of personal injuries Welch claims occurred when she fell on the premises of the Bounty Restaurant. Smith answered and forwarded interrogatories and a request for disclosure to Welch. Smith's interrogatory number 12 reads as follows:

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

For the period beginning ten (10) years prior to the accident made the subject of this lawsuit to the present, state the full name, present address and telephone number of each person, entity or institution (whether hospitals, medical doctors, chiropractors, or any other type of practitioner of the healing arts) who has provided health care services to you.

Welch responded by objecting. She asserted that the interrogatory was "overbroad and violates the physician-patient privilege." She disclosed that she was withholding information responsive to the request.

Request for disclosure number j. requested

All medical records and bills that are reasonably related to the injuries or damages asserted by you in this suit or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills (form attached).

The attached form was a form which authorized release of any and all of Welch's healthcare records, both treatment and business records, to Smith's attorneys or agents. The release was not limited as to time or type of treatment.

Welch responded, in part, to the request for disclosure by providing a limited release for healthcare records. The release authorized Smith's attorneys or agents to obtain copies of records and documents concerning Welch's healthcare treatment on or after the date of her fall in the Bounty.

Smith filed a motion to compel. By her motion, Smith sought an order compelling Welch to execute "an appropriate medical authorization allowing for the retrieval of [Welch's] prior medical information. . . ." The trial court heard the motion to compel on July

2

12, 2002. We do not have a record of the hearing, thus have no record of the trial court's ruling or the evidence on which it was based. Welch asserts, and Smith does not contest, that following the hearing of July 12th, the trial court ordered Welch to

> 1. Identify to [Smith] the full name, present address and telephone number of each person, entity or institution (whether hospitals, medical doctors, chiropractors, or any other type of practitioner of the healing arts) who has provided health care services to [Welch], for the period beginning ten (10) years prior to the accident made the subject of this lawsuit;
>
> 2. Execute and deliver to [Smith] an authorization for the release of medical information, medical records, and/or medical reports relating to any medical treatment and/or consultation received by [Welch] during the period beginning ten (10) years prior to the date of the accident made the subject of this lawsuit to the present.

By two issues, Welch urges that we should issue a writ of mandamus directing the trial court to vacate its order. First, Welch asserts that the trial court's ordering her to sign an unlimited medical release for the ten years preceding the accident was an abuse of discretion. Next, she argues that the trial court abused its discretion in allowing discovery of the identity, treatment by and diagnosis made by every physician and hospital where she was treated for ten years prior to the accident. Her basis for both issues is TEX. R. EVID. 509(c)(1) and (2) and, among other authorities, R.K. v. Ramirez, 887 S.W.2d 836 (Tex. 1994); Mutter v. Wood, 744 S.W.2d 600 (Tex. 1988); and Midkiff v. Shaver, 788 S.W.2d 399 (Tex.App.--Amarillo 1990, no writ).

A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no other adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304,

3

305 (Tex. 1994). To establish the first requirement for mandamus relief, an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). In regard to decisions based on factual matters, an abuse of discretion occurs if the trial court could reasonably have reached only one conclusion, and it reached a contrary conclusion. See Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).

It is the relator's burden to show entitlement to the relief being requested. See generally Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). In order to find that the trial court abused its discretion, the reviewing court must conclude that the facts and circumstances of the case extinguish any discretion in the matter. See id. at 918. In making such evaluation, the reviewing court must focus on the evidence and matters before the trial court at the time the challenged ruling was made. See In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998); Midkiff, 788 S.W.2d at 403 (trial court's discretion is to be exercised based on the record as constituted when presented for its decision). The relator in a mandamus proceeding must file a certified sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter about which complaint is made. See TEX. R. APP. P. 52.7(a). A court of appeals may not grant

4

mandamus relief when the petition and record before it require the court to speculate. See In re Colony Ins., 978 S.W.2d 746, 747 (Tex.App.--Dallas 1998, orig. proceeding); Frink v. Blackstock, 813 S.W.2d 602, 604 (Tex.App.--Houston [1st Dist.] 1991, orig. proceeding).

The trial court's order was made following an evidentiary hearing. We do not know what evidence was presented during the hearing and can only speculate as to what comprised the record before the trial court at the time its ruling was made. We cannot determine that the trial court abused its discretion based on speculation. See In re Bristol-Myers Squibb Co., 975 S.W.2d at 605; In re Colony Ins., 978 S.W.2d at 747; Midkiff, 788 S.W.2d at 403.

Relator's petition for writ of mandamus must be and is denied.


Phil Johnson
Justice


Do not publish.