

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00298-CV

IN RE ADOUN PHOMMIVONG, RELATOR

Original Proceeding

August 17, 2016

## OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, Adoun Phommivong, filed a petition for writ of mandamus directing respondent, the Honarable Ana Estevez, to hold a hearing and resolve a dispute regarding alleged inaccuracies in the reporter's record. Relator also filed a writ of prohibition seeking to prohibit respondent from holding any hearings in a separate but allegedly related criminal matter pending before that court. We deny the petition and writ request.

### Mandamus

Phommivong's entire argument for entitlement to mandamus relief is:

> Here, the Respondent failed to have a hearing and act upon Relator's motion to correct inaccurate reporter's record. Relator requested the Respondent to have a hearing on the motion, to no avail. Relator has no other remedy and mandamus relief is appropriate.

Phommivong does not cite to any legal authority in support of his contentions that respondent clearly abused her discretion in a way that denied him effective relief by ordinary appeal. Such a failure to cite appropriate authorities in support of a petition for mandamus relief constitutes a waiver of the issue. *In re Harrell*, No. 07-00-00277-CV, 2000 Tex. App. LEXIS 5407, at *14-15 (Tex. App.—Amarillo Aug. 11, 2000, orig. proceeding); *see* TEX. R. APP. P. 52.3(h); *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint."); *Kang v. Hyundai Corp. (U.S.A.)*, 992 S.W.2d 499, 503 (Tex. App.—Dallas 1999, no pet.) ("Failure to cite any authority constitutes a waiver of the alleged error."). This Court has no duty or right to perform an independent review of the record and applicable law to determine whether there was a clear abuse of discretion that could not be adequately remedied by ordinary appeal. *See Leal v. King Ranch, Inc.*, No. 13-10-00377-CV, 2011 Tex. App. LEXIS 6083, at *9 (Tex. App.—Corpus Christi Aug. 4, 2011, no pet.) (mem. op.) (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)). As such, we conclude that Phommivong has failed to establish his entitlement to mandamus relief. We deny his petition.

## Prohibition

In the same manner, Phommivong's entire argument in support of prohibition is:

2

> Any attempt by Respondent to force the underlying case to trial will interfere with this Court's jurisdiction and will deprive Relator of the right to have the impropriety of the inaction on the motion to correct inaccurate court reporter's record determined.
>
> A writ of prohibition should issue to prevent the Respondent from taking any action to proceed to trial on the Motion to Adjudicate Guilt against Relator.

Again, Phommivong wholly fails to cite to any legal authority in support of his request for relief resulting in waiver of the same. *See* TEX. R. APP. P. 52.3(h); *In re Estate of Taylor*, 305 S.W.3d at 836; *In re Harrell*, 2000 Tex. App. LEXIS 5407, at *14-15; *Kang*, 992 S.W.2d at 503. In addition, Phommivong makes no effort to explain how proceeding in a separate criminal cause would deprive him of the right or ability to have any inaccuracies in the reporter's record determined. Consequently, we conclude that Phommivong has failed to establish his entitlement to issuance of a writ of prohibition and we deny his request.

## Conclusion

We deny Phommivong's petition for writ of mandamus and request for writ of prohibition.

Mackey K. Hancock
Justice

3