

# NUMBER 13-24-00042-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE SPACE EXPLORATION TECHNOLOGIES CORP. AND LAUREN KRUEGER

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Longoria[1]**

Relators Space Exploration Technologies Corp. (Space) and Lauren Krueger filed

a petition for writ of mandamus asserting that the trial court[2] abused its discretion in

granting a new trial because its new trial order lacks a sufficient explanation for the ruling

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2020-DCL-03939 in the 444th District Court of Cameron County, Texas, and the respondent is the Honorable David Sanchez. *See id*. R. 52.2.

and because there is no valid basis to grant a new trial. We deny the petition for writ of mandamus without prejudice.

## I. BACKGROUND

As relevant here, real parties in interest Jose Ruiz, Hector Garcia Jr. (Garcia Jr.), and Humberto Garcia filed suit against relators for personal injuries sustained in an automobile accident. The case was submitted to a jury which found that Krueger was negligent but was not acting within the course and scope of her employment with Space at the time of the accident. The jury awarded $73,500 to Ruiz, $40,000 to Garcia, and $10,000 to Garcia Jr. The trial court entered judgment in accordance with the jury's verdict. Ruiz and Garcia thereafter filed a motion for new trial premised on improper argument and they requested to supplement the record with demonstrative graphics used at trial. Ruiz and Garcia argued, *inter alia*, that counsel for relators attacked the integrity of real parties' counsel, questioned lay witnesses regarding the legal basis for their claims, and argued that the case was "an attorney-driven 'shakedown.'" Relators filed a response to the motion for new trial asserting that "the arguments of defense counsel during closing were proper because they were supported by the evidence" and that the real parties had not shown that the jury based its verdict on the allegedly improper arguments. After holding a hearing, the trial court granted the motion for new trial. The new trial order states merely that "the incurable arguments by defense counsel more likely than not caused the rendition of the subject verdict."

This original proceeding ensued. By two issues, relators assert that (1) the order granting a new trial does not contain a sufficient explanation, including valid reasons

2

supported by the record, and (2) relators' closing argument—"which addressed evidence (admitted without objection) that [real parties] followed their former lawyer's 'plan' and orders in seeking medical treatment from doctors their lawyer selected" was not improper, and if so, it was not an incurable argument that justified a new trial.

We have requested but have not received responses to the petition for writ of mandamus from the real parties in interest, and the real parties in interest have filed motions for extension of time to file their responses. *See* TEX. R. APP. P. 52.4, 52.8(b). Instead, Ruiz and Garcia have filed a motion to abate this original proceeding. They assert that the new trial order "articulates a legally valid reason for granting a new trial, i.e., incurable jury argument, [but] the order fails to refer to record support for its conclusion or to specify the arguments it found were incurable." They request that we abate this original proceeding "to allow the trial court to issue a new order that specifically states the reasons for granting the new trial." Ruiz and Garcia argue that abatement is authorized by Texas Rule of Appellate Procedure 44.4, and good cause for the abatement is shown because this Court "is tasked with a merits-based review of the trial court's order." *See id.* R. 44.4. Ruiz and Garcia assert that if we do not abate this original proceeding, we would be required to issue a full written opinion, then address a second petition for writ of mandamus challenging the reasons stated in the revised new trial order. They thus contend that we should abate this petition for writ of mandamus for purposes of efficiency and judicial economy.

This Court requested and received responses to the motion to abate from Garcia Jr. and relators. Garcia Jr. "agrees with and joins" the motion to abate "because the

3

reasons cited in the motion are legally and practically sound," although he does not concede that the new trial order is facially invalid. Relators oppose abatement and argue that this Court should hold both that the trial court's explanation for granting a new trial was insufficient and that the stated ground for a new trial, incurable argument, is not valid.

Ruiz and Garcia have filed a reply in support of their motion to abate. In summary, they assert that relators have provided an inadequate record insofar as they have not filed the real parties' trial exhibits, and the exhibits that they have filed "are not part of an exhibit index certified by the court reporter, nor are they signed and dated by the court reporter." They assert that abatement, rather than denial of mandamus relief, would best serve the parties and judicial efficiency and economy. Garcia Jr. has filed an additional pleading stating that he is in agreement with these contentions.

## II.  MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

4

"A writ of mandamus shall issue to correct a clear abuse of discretion committed by a trial court in granting a new trial." *In re Whataburger Rests., LP*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding) (per curiam); *see In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 757–58 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 689 (Tex. 2012) (orig. proceeding). In such a case, the relator lacks an adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209–10 (Tex. 2009) (orig. proceeding).

### III.   NEW TRIALS

Because the Texas Constitution guarantees the right to trial by jury, the trial court's authority to grant a new trial is not "unfettered." *In re Bent*, 487 S.W.3d 170, 175 (Tex. 2016) (orig. proceeding); *see* TEX. CONST. art. I, § 15. We employ a two-tier analysis to determine whether a trial court has abused its discretion in granting a new trial. *See In re Rudolph Auto., LLC*, 674 S.W.3d 289, 301 (Tex. 2023) (orig. proceeding); *In re Hightower*, 580 S.W.3d 248, 253 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding [mand. denied]). First, we examine the facial validity of the order granting a new trial. *See In re Bent*, 487 S.W.3d at 173. An order granting a new trial must provide "an understandable, reasonably specific explanation why [the parties'] expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried." *Id.* at 175–76 (quoting *In re Columbia Med. Ctr.*, 290 S.W.3d at 213). Further, the order must state a legally appropriate reason for the new trial. *Id.* at 173. Second, we perform a merits-based review of the trial court's articulated reasons for granting a new trial. *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 758; *see*

5

*also In re Whataburger Rests., L.P.*, 429 S.W.3d at 598. If the articulated reasons are not supported by the law and the record, mandamus relief is appropriate. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 761–62.

The two parts of our analysis are "distinct yet closely related." *In re Rudolph Auto., LLC*, 674 S.W.3d at 301. The supreme court recently explained that:

> A reason [for granting a new trial] might be theoretically plausible, but if it is devoid of reference to the evidence, it will be facially insufficient; orders that provide no basis for the parties and appellate courts to confirm that the court's determination was the result of careful assessment of the actual evidence in the case are conclusory. If the failure to invoke sufficient record support is because there is none, or because . . . the evidence in fact rebuts the stated reason, the deficiency is not merely facially insufficient but also relates to the merits. Such a merits-based deficiency suggests that the proffered reason is simply an error. And when a reason for a new trial appears to conflate a *legal* problem with an *evidentiary* one, the appellate court will likewise deem that reason inadequate because it fails on the merits. . . .
>
> While the grounds for deeming a reason to be inadequate are therefore distinct, they can also overlap. The underlying concern, after all, is always the same: whether the new[ ]trial order is predicated on clear and valid grounds.

*Id.; see In re Bent*, 487 S.W.3d at 177–79.

## IV.   ANALYSIS

Based on what has been filed in this case to date, relators, Ruiz, and Garcia agree that the new trial order is insufficient on its face insofar as it fails to provide an adequate explanation for the trial court's ruling. Garcia Jr. does not concede that the order is facially invalid, but otherwise agrees with abatement as a "swifter remedy" to resolve this issue. Relators further contend, though, that the new trial order fails on the merits, and there is no agreement among the parties regarding this contention. As stated previously, the new

trial order states "that the incurable arguments by defense counsel more likely than not caused the rendition of the subject verdict." The supreme court has explained that a new trial order predicated on incurably harmful argument should "identify the statement, describe the context, and apply settled law deeming the statement incurably harmful," or if the argument is not inherently curable but incurable in the matter at issue, the new trial order "must explain *why* the otherwise-curable problem . . . was nonetheless not susceptible to cure." *In re Rudolph Auto., LLC*, 674 S.W.3d at 312–13.

We first address Ruiz and Garcia's motion to abate and their suggestion that abatement is authorized by Rule 44.4. *See* TEX. R. APP. P. 44.4. Rule 44.4, entitled "Remediable Error of the Trial Court," provides:

> (a)  *Generally*. A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
>
>   (1)  the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
>
>   (2)  the trial court can correct its action or failure to act.
>
> (b)  *Court of Appeals Direction if Error Remediable*. If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

*Id.* We disagree that this rule controls our analysis in this case. On its face, Rule 44.4 applies to appeals rather than original proceedings. *See id.* R. 44.4(a) (prohibiting an appellate court from affirming or reversing a judgment or dismissing an appeal). Further, Rule 44.4 does not "confer[] authority on an appellate court to abate an appeal while there are significant issues yet to be determined by the trial court." *Garcia v. Comm'rs Ct. of*

7

*Cameron Cnty.*, 101 S.W.3d 778, 786 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see In re S.J.H.*, 594 S.W.3d 682, 691 (Tex. App.—El Paso 2019, no pet.) (refusing to abate where the error required more than the determination of perfunctory issues and where abatement "risks preventing full and fair litigation"); *Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 787–88 (Tex. App.—Amarillo 2016, no pet.) (refusing to abate where the necessary ruling would not be ministerial or perfunctory in nature and "the issues are contested and the parties may adduce evidence"). We consider that the trial court's responsibility to provide a reasonably specific explanation for setting aside the jury's verdict that is based on the facts and circumstances of the case is neither ministerial, nor perfunctory, but is a significant matter. *See In re Columbia Med. Ctr.*, 290 S.W.3d at 213 (stating that "a vague explanation [for] setting aside a jury verdict does not enhance respect for the judiciary or the rule of law, detracts from transparency . . . and does not sufficiently respect the reasonable expectations of parties and the public when a lawsuit is tried to a jury"); *see also* TEX. CONST. art. I, § 15. Based on the foregoing, we conclude that abatement is not an acceptable option in these circumstances.[3]

We turn our attention to relators' contention that we should grant mandamus relief on grounds that the new trial order fails because it is both facially invalid and lacks merit. Relators assert that "when a new trial order is invalid, whether facially, substantively, or both, the courts of appeals uniformly (conditionally) grant the writ of mandamus and direct the order to be vacated," and real parties "offer no reason that there should be any

---

[3] In so ruling, we do not foreclose the possibility that abatement might be an appropriate remedy for issues raised in other original proceedings, but we leave that decision to the specific facts and circumstances presented in those cases. *See, e.g.*, TEX. R. APP. P. 2, 52.10.

8

different result in this proceeding." Relators thus urge that we direct the real parties to file responses to their petition for writ of mandamus, and that such responses would necessarily "admit that the writ should issue and the new trial order be vacated."

Relators, Ruiz, and Garcia appear to agree that the new trial order is facially insufficient; however, Garcia Jr. does not concede this issue. The parties disagree regarding whether relief should issue on the merits. The parties contend variously that we should grant relief, abate, or deny relief. Thus, we are not presented with a situation where the parties agree as to the relief sought as to either the facial validity of the new trial order or its merits. We need not further address this state of events, though, because the record does not indicate that relators either advised the trial court that its new trial order was facially insufficient or requested it to issue a new order containing a sufficient explanation for its ruling. This omission runs afoul of the "demand" principle underlying mandamus review. Because mandamus is an extraordinary remedy, "the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding) (quoting *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding) (per curiam)). The record does not suggest, and the parties do not argue that such a request would have been futile. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); *see also In re De Monserat*, No. 05-23-01197-CV, 2024 WL 575852, at *1–2 (Tex. App.—Dallas Feb. 13, 2024, orig. proceeding) (mem. op.) (concluding under different circumstances that a demand to modify a new trial order that was facially invalid

9

would have been futile). "Equity generally is not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address." *In re Jarvis*, 431 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding).

Leaving that aside, relators' request that we review the merits of the new trial order in this proceeding is untenable. Leaving aside any issues regarding the record, *see* TEX. R. APP. P. 52.7(a)(2), we would be required to speculate as to which arguments the trial court found objectionable. We do not resort to "speculation or supposition" when determining whether to issue extraordinary relief. *In re Carrington*, 438 S.W.3d 867, 870 (Tex. App.—Amarillo 2014, orig. proceeding); *see In re Cap Rock Elec. Co-op., Inc.*, 35 S.W.3d 222, 226 (Tex. App.—Texarkana 2000, orig. proceeding); *In re Colony Ins.*, 978 S.W.2d 746, 747 (Tex. App.—Dallas 1998, orig. proceeding [mand. denied]). In this regard, we would be required to independently scour the record to identify allegedly improper argument and determine whether that argument was incurable. We have no duty or right to perform an independent review of the record and the applicable law to determine whether there was a clear abuse of discretion in granting the new trial. *See N&A Props., Inc. v. PH Steel, Inc.*, 656 S.W.3d 556, 568 (Tex. App.—El Paso 2022, no pet.); *Manning v. Johnson*, 642 S.W.3d 871, 884 (Tex. App.—Texarkana 2021, no pet.); *In re Phommivong*, 560 S.W.3d 280 (Tex. App.—Amarillo 2016, orig. proceeding). "Were we to engage in such activities, we would be abandoning our role as judges and become an advocate for that party." *Walker v. Eubanks*, 667 S.W.3d 402, 408 (Tex. App.—Houston [1st Dist.] 2022, no pet.).

## V.  CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the motion to abate, the responses, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. Accordingly, we withdraw our outstanding request for the real parties to file responses to the petition for writ of mandamus, and we dismiss as moot their motions for extension of time to file their responses. We deny Ruiz and Garcia's motion to abate. We deny relators' petition for writ of mandamus without prejudice.

NORA L. LONGORIA
Justice

Delivered and filed on the
28th day of March, 2024.

11