Jimmy Franklin MUTTER, et
ux., Relators,

v.

Honorable Sharolyn P. WOOD, et
al., Respondents.

No. C–6479.

Supreme Court of Texas.

Feb. 10, 1988.

Jim M. Perdue, Andrew L. Todesco and
Mark D. Clore, Perdue, Turner & Berry,
Houston, for petitioner.

Marion Woodrow Kruse, Jr., and Frank
N. Luccia, Kruse & Associates, Craig
Smyser and Keith Ketterling, (Vinson &
Elkins), Houston, for respondent.

OPINION

MAUZY, Justice.

This mandamus proceeding arises out of
a medical malpractice action. The trial
judge, Honorable Sharolyn P. Wood, or-
dered the Mutters to sign an authorization
permitting the defendant-hospital's attor-
ney to discuss the medical care and treat-
ment of their deceased son with the treat-
ing physicians and health care providers.
The authorization does not require that the
physicians talk with the hospital's attorney
but "removes any claim of privilege" the
Mutters might have. Under the particular
facts of this case, we hold that the trial
court abused its discretion in ordering the
Mutters to sign the authorization. Accord-
ingly, we conditionally grant the writ of
mandamus.

The authorization that the Mutters were
ordered to sign completely waives their
physician-patient privilege as to all physi-
cians who provided care or treatment.
Moreover, it provides no reasonable method
to allow the Mutters to preserve whatever
claims of privilege they might have be-
cause it would effectively allow defend-
ant's counsel to question the physicians
outside the presence of plaintiffs' counsel.
Such an authorization fails to properly bal-
ance the competing interests of the parties
in the underlying case.

Under Tex.R.Evid. 509(b), confidential
communications between a physician and
patient are privileged and may not be dis-
closed. There are, however, eight excep-
tions to the privilege. Three of those ex-

ceptions are relevant here: when proceedings are brought "by the patient against a physician," Tex.R.Evid. 509(d)(1); when a written consent to release privileged information is submitted, Tex.R.Evid. 509(d)(2); and when a communication or record otherwise privileged is "relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense," Tex.R.Evid. 509(d)(4).

In this case, the privilege was waived completely as to the defendant doctors and partially as to the treating doctors. To the extent, however, that the treating doctors had records or communications which were not relevant to the underlying suit, they remained privileged until the judge ordered their complete waiver. The question, then, is whether Judge Wood abused her discretion in ordering Mutter to execute a 509(d)(2) waiver of the privilege. We hold that she did.

Judge Wood's order should have been drawn more restrictively to respect whatever privileged communications or records might exist after suit was filed and to allow those privileges to be preserved. *See Travelers Insurance Co. v. Woodard,* 461 S.W.2d 493 (Tex.Civ.App.—Tyler 1970, writ ref'd n.r.e.).

In *Martinez v. Rutledge,* 592 S.W.2d 398 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), the plaintiff refused to obey discovery orders and the court of appeals ruled against the plaintiff's claim of privilege. However, in so doing, the court instructed the plaintiff on what he should have done. The court noted that the plaintiff had not moved for a protective order and stated:

> [H]e could have requested that the court require the examining or treating doctors not be questioned out of his presence.... We perceive no reason why plaintiff could not have incorporated into the authorization any reasonable safeguard he deemed necessary....

In this case, the Mutters did exactly what the *Martinez* court said they should. They moved for a protective order and included safeguards in an authorization they consented to sign. However, the trial judge nevertheless ordered them to sign the broader authorization waiving their physician-patient privilege absolutely.

Even in the interest of broad discovery directed at seeking the truth, no privilege should be totally ignored. We conditionally grant the Mutters' petition for writ of mandamus; the writ will issue only if the trial judge refuses to rescind her order.

CULVER, J., not sitting.