Deborah A. McGOWAN, Individually and a/n/f of The Minor Child Ebony Antanisha McGowan, Relator,

v.

The Honorable Jack O'NEILL, Judge of the 152nd Judicial District, Harris County, Respondent.

No. B14–87–884–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 12, 1988.

John N. Barnhart, Steven D. Naumann, Houston, for relator.

Charles B. Holm, Charles L. Cotton, Sam W. Cruse, Jr., Houston, for respondent.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## ORIGINAL PROCEEDING WRIT OF MANDAMUS

ELLIS, Justice.

This is an original mandamus proceeding pursuant to TEX. GOV'T CODE ANN. § 22.221(a) (Vernon Pamph.Supp.1988). Relator Deborah A. McGowan brings this action individually and on behalf of her deceased minor daughter. She charges the trial court abused its discretion because a purported authorization to release medical records which the trial court ordered her to sign contained an absolute waiver of her right to claim a physician-patient privilege. We conclude the trial court abused its discretion and will grant the writ conditionally.

The underlying suit, Cause No. 85–64612, styled *Deborah A. McGowan, Individually and a/n/f of The Minor Child, Ebony Antanisha McGowan v. The City of Houston d/b/a The Houston City Health Department and Northside Health Center, et al.*, is now pending in the 152nd Judicial District of Harris County, the Honorable Jack O'Neill presiding. The real party in interest in this proceeding, Sarah Noorbaksh, M.D., is one of several named defendants in that action.

On written request, a party who seeks damages for a physical or mental injury must authorize full disclosure of medical records reasonably related to either the injury or the damages asserted. TEX.R.CIV. P. 166b(2)(h); *cf.* TEX.REV.CIV.STAT.ANN. art. 4590i § 4.01(d) (receipt of a plaintiff's medical authorization is compliance with statute entitling parties to receive complete, unaltered copies of plaintiff's medical records). Because relator sought damages for alleged acts of medical negligence, Article 4590i § 4.01 and Rule 166b(2)(h) required her to authorize release of her and her daughter's medical records. On Noorbaksh's request, relator furnished a written authorization for release of her and her daughter's records. Noorbaksh found the authorization too narrowly drawn and moved the trial court to compel relator to execute a "proper" authorization. Her motion included a form entitled "Acknowledgement of Waiver of Physician–Patient Privilege/Medical Authorization" which reads, in part:

I, Deborah A. McGowan, Individually and in a Representative Capacity for Ebony Antanisha McGowan, deceased, do hereby acknowledge that, pursuant to Texas Rule of Evidence 509(d)(1), as a result of having filed suit Cause No. 85–64612 ... [I] *have waived my right to claim a physician-patient privilege.* As a result of this waiver, I hereby authorize, individually and in a representative capacity, and request any physician, hospital, or institution, or other person by whom or in which I or Ebony Antanisha McGowan have received medical

treatment for physical or mental injury or illness to furnish any employee of Coats, Yale, Holm & Lee, P.C., ... *any and all information regarding such treatment* of myself or Ebony Antanisha McGowan, whether such treatment was rendered in a hospital or institution or elsewhere....

After holding a hearing, Judge O'Neill ordered relator to execute the foregoing authorization [the Waiver/Authorization"] on October 19, 1987, whereupon relator sought leave to file a petition for writ of mandamus with this court.[1] On November 12, 1987, we granted relator leave to file her petition and temporarily stayed enforcement of Judge O'Neill's order.

■ The goal of the amended rules of civil procedure governing discovery is the full, fair, and candid disclosure of the truth. *Garcia v. Peeples*, 734 S.W.2d 343, 347 (Tex.1987). That goal notwithstanding, a discovery order is improper if it completely disables a party's right to assert possible claims of privilege. *Mutter v. Wood*, 744 S.W.2d 600 (Tex.1988); *accord, Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984) (in order to increase likelihood of disclosure of all relevant matters, permissible scope of discovery includes "anything reasonably calculated to lead to material evidence;" but overly broad requests, harassment, or *disclosure of privileged information* exceed that scope) (emphasis supplied).

The Texas Supreme Court's resolution of the *Mutter* case controls our disposition of relator's petition. *Mutter* was also a medical malpractice action wherein the plaintiffs sought a writ of mandamus to vacate a trial court's discovery order. In *Mutter* the trial court's order removed "any claim of privilege". 744 S.W.2d at 600. The supreme court found the order overly broad, mandated its rescission, and indicated the trial court should have incorporated reasonable safeguards to allow the Mutters to preserve the physician-patient privilege with respect to any non-relevant communications or records. *Id.* at 600–01. In a

---

1. Judge O'Neill's order also required relator to answer interrogatories pursuant to Noorbaksh's motion to compel. That portion of the order is not at issue here.

similar manner, because the Waiver/Authorization in the instant case ordered relator to waive her "right to claim" a physician-patient privilege, it cannot stand.

TEX.R.EVID. 509(b) creates a physician-patient privilege consistent with TEX.REV.CIV. STAT.ANN. art. 4495b § 5.08 (Vernon Supp. 1988) (deemed repealed as to civil actions by promulgation of Texas Rules of Civil Evidence, *see* Article 4495b § 5.10). To the extent the privilege applies, relator may properly claim it on behalf of her deceased daughter, or, if she was a patient, on her own behalf. TEX.R.EVID. 509(c)(1). As a general rule, privileged matters are not discoverable. TEX.R.EVID. 509(b); TEX.R. CIV.P. 166b(3)(e); *West v. Solito*, 563 S.W. 2d 240, 243 (Tex.1978).

■ However, TEX.R.EVID. 509(d) establishes eight exceptions to the rule of physician-patient confidentiality or privilege. This case involves three of those exceptions. Because physicians are among the named defendants in the underlying action, which sought damages for alleged acts of medical negligence, and because relator consented to the release of certain records, those three exceptions are subsections (1), (4) and (2), respectively, of TEX.R.EVID. 509(d). *See Mutter*, 744 S.W.2d at 600. By initiating a malpractice suit, relator created an exception to the rule of confidentiality as to those physicians she named as defendants, thereby enabling them to disclose certain information without fear of violating the physician-patient privilege. *Mutter*, 744 S.W.2d at 601; TEX.R.EVID. 509(d)(1). Additional exceptions may have also occurred with respect to certain information in the hands of non-defendant treating physicians. *See Mutter*, 744 S.W.2d at 601. But nothing in either the rules of evidence or the rules of civil procedure requires a medical malpractice plaintiff to evidence those exceptions by executing a written pre-trial waiver.

Moreover, any exceptions to privilege notwithstanding, Rule 509(d)(1) limits disclosure to matters *relevant* to the physicians' claims or defense. As TEX.R.EVID. 509(d)(4) further provides, when a patient's physical or mental condition is at issue, otherwise privileged matters pertaining to that condition are discoverable *if relevant.* Although TEX.R.CIV.P. 166b(2)(a) envisions a broad scope of discovery, its first sentence renders relevancy a prerequisite. And Tex.R.Civ.P. 166b(2)(h), which specifically addresses requests for release of medical records, contains a corresponding relevancy limitation: those requests for release of records which a plaintiff must honor are those "reasonably related to the injury or damages asserted."

■ Thus, the rules of evidence, through TEX.R.CIV.P. 166b, require a reasonable relationship between the records sought and the relief the plaintiff seeks. Yet the trial court's Waiver/Authorization in the instant case authorizes release of "any and all information" regarding any treatment. Since it makes no attempt to incorporate or create a means for relator to assert the reasonable relationship requirement and thereby safeguard the physician-patient privilege with respect to non-relevant matters, Judge O'Neill's Waiver/Authorization is impermissibly overly broad. *Mutter*, 744 S.W.2d at 601; *see also, General Motors v. Lawrence*, 651 S.W.2d 732, 734 (Tex.1983) (original mandamus proceeding following products liability and wrongful death action, ordering trial court to vacate overly broad discovery request on relevancy grounds). As this court stated in *Wielgosz v. Millard*, 679 S.W.2d 163, 167 (Tex.App. —Houston [14th Dist.] 1984, original proceeding), while we hesitate to disturb discretionary orders, extraordinary relief is appropriate when a trial court fails to exercise its discretion by ordering discovery without affording a means of determining relevancy.

■ Noorbaksh argues it was improper for relator to include in her authorization a clause indicating it would remain valid only until she cancelled it in writing. We disagree. Relator's including the foregoing safeguard is consistent with TEX.R.EVID. 509(e)(1), (2).

■ In order for this court to properly issue a writ of mandamus, relator must establish: 1) that the trial court either

clearly abused its discretion or failed to observe a mandatory statutory provision; 2) that she would have no adequate remedy by appeal. *Garcia v. Peeples*, 734 S.W.2d at 345; *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987) (per curiam). We hold that because its order was impermissibly broad and failed to include safeguards aimed at preserving relator's possible claims based in the physician-patient privilege, the trial court abused its discretion. Relator has thereby met the first prerequisite for mandamus relief. Addressing the second requirement, as the supreme court indicated in the context of the attorney-client privilege, once privileged matter is disclosed, retraction is impossible. *West v. Solito*, 563 S.W.2d at 245. Thus, relator would have no adequate appellate recourse to remedy Judge O'Neill's improper order. We conclude that a writ of mandamus should properly issue in the event Judge O'Neill refuses to modify, consistent with this opinion, that portion of his order which requires relator to execute the Waiver/Authorization analyzed in this opinion.