Betty C. GROVES, Relator,

v.

The Honorable Lee GABRIEL, Judge 367th Judicial District Court.

No. D–4588.

Supreme Court of Texas.

April 20, 1994.

G. David Heiman, Lewisville, for relator.

Carla S. Neal, Joe C. Tooley, Dallas, for respondent.

PER CURIAM.

The issue presented in this original mandamus proceeding is whether the trial court's order compelling production of relator's medical records is overly broad. We conclude that it is, and thus we conditionally grant the writ of mandamus.

Relator Betty C. Groves is a former mayor of Lewisville, and real party in interest Charles R. Owens is a former city manager of that city. In the action underlying this mandamus proceeding, Groves brings claims

against Owens for invasion of privacy, false light, breach of fiduciary duties, conversion and intentional infliction of emotional distress based on incidents occurring while the parties were officials with the city.

In July 1993, Owens served discovery requests on Groves asking, among other things, that Groves execute an attached medical records release authorizing disclosure of essentially all of Groves' medical records.[1] After a non-evidentiary hearing, the trial court ordered Groves to execute the release over her objection that it was too broad.

Groves first challenged the trial court's order by way of mandamus in the court of appeals. After that court denied relief without opinion, Groves filed this original proceeding here. We stayed the trial court's discovery order pending our consideration of the case.

Texas Rules of Civil Evidence 509 and 510 create privileges for medical and mental health records.[2] Both of these rules, however, contain exceptions for

> a communication or record relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense.

Rule 509(d)(4); 510(d)(5). Because Groves alleges severe emotional damages, including "post-traumatic stress disorder," Owens argues that Groves placed her mental and emotional condition into issue, triggering the quoted exception.

We agree that Groves waived the privilege as to any medical records relevant to her claim for emotional damages. However, a trial court's order compelling release of medical records should be restrictively drawn so as to maintain the privilege with respect to records or communications not relevant to the underlying suit. *See Mutter v. Wood,* 744 S.W.2d 600, 601 (Tex.1988). The global release in this case does not meet the *Mutter* standard, as Owens does not contend that Groves has placed in issue medical records unrelated to her emotional condition.

Groves also contends that the release should be limited to a specific time period. Although, depending on the circumstances, *Mutter* may very well require such a limitation on disclosure, we cannot determine from the record before us that the trial court abused its discretion in that regard here. However, because the trial court must consider a more limited release in any event, it should weigh Groves' arguments for a temporal restriction.

Groves also claims that an authorization for release of employment records which the trial court compelled her to sign is overly broad. Groves, however, has not identified a specific privilege applicable to her employment records, and thus has not demonstrated a right to mandamus relief in this regard.[3]

1. The release which Owens asked Groves to execute provided as follows:

   I, BETTY C. GROVES, authorize and permit any person, firm, or entity to release for inspection and copying to [Owens' attorneys] all of the matters listed below that pertain to the individual listed above.

   The matters to be released under this Authorization are the following: any and all medical reports or records, x-rays, diagnostic studies, laboratory slides, clinical abstracts, histories, charts, and other information, documents, and opinions relevant to past, present, or future physical, mental or emotional condition, treatment, care, or hospitalizations.

   The release of those matters is being authorized for purposes of the investigation, evaluation and defense of Cause No. 93–50223–367 presently pending in the 367th Judicial District Court of Denton County, Texas. A copy of this Authorization is agreed by me to have the same effect and force as an original. Any person, firm, or entity that releases matters pursuant to this Authorization is absolved from any liability that might otherwise result from the release of these matters.

2. Texas Rule of Civil Evidence 509(b)(2) provides as follows:

   Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed.

   Rule 510(b)(2) similarly provides that

   [r]ecords of the identity, diagnosis, evaluation, or treatment of a patient which are created or maintained by a [mental health care professional] are confidential and shall not be disclosed.

3. Groves also complains that Owens' motion to compel discovery did not contain the certificate of conference required under Texas Rule of Civil Procedure 166b(7). Because this rule is for the benefit of the trial court, *see International Sur-*

Without hearing oral argument, a majority of the Court conditionally grants the writ of mandamus for the reasons set forth in this opinion. The trial court is directed to vacate that portion of its order compelling Groves to execute the authorization for release of medical records. Groves' remaining claims for mandamus relief are denied.

*plus Lines Ins. Co. v. Wallace,* 843 S.W.2d 773, 776 (Tex.App.—Texarkana 1992, orig. proceed-

ing), the court's failure to require a certificate of conference does not justify mandamus relief.