In re MITSUBISHI HEAVY INDUS-
TRIES AMERICA, INC., and Mitsubi-
shi Heavy Industries, Ltd., Relators.

No. 05–08–00847–CV.

Court of Appeals of Texas,
Dallas.

Sept. 12, 2008.

Rehearing Overruled Dec. 4, 2008.

John H. Martin, Thompson & Knight, P.C., Scott P. Stolley, Christopher L. Chauvin, Thompson & Knight, L.L.P., Gregory Daniel Binns, Dallas, TX, for Relators.

Guy Hubert Riddle, Anderson, Smyer & Riddle, Stephen Howell, John Griggs Sams, Brown, Dean, Wiseman, Proctor, Hart & Howell, LLC, Fort Worth, TX, Ladd Charles Sanger, Slack & Davis, LLP, Don Colleluori, Figari & Davenport, L.L.P., Cole B. Ramey, Crouch & Ramey, LLP, Richard A. Sayles, Mark E. Torian, Sayles, Lidji & Werbner, Robert F. Ruckman, Stuart Bradley Brown, Jackson & Walker, LLP, Jim Cowles, Cowles & Thompson, P.C., Dallas, TX, James H. Furman, Byrd, David & Eisenburg, Austin, TX, Don Swaim, Kern and Wooley, LLP, Irving, TX, Michael W. Kerns, Dombroff & Gilmore, PC, McLean, VA, for Real Parties in Interest.

Before Justices MORRIS, MOSELEY, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

In this original proceeding, relators complain that the trial court abused its discretion in ordering them to sign an authorization permitting the release of proprietary documents in the files and databases of the Federal Aviation Administration, or within the FAA's custody or

control, pertaining to Mitsubishi MU–2 aircraft.

On June 30, 2008, relators filed their petition for writ of mandamus and emergency motion for a temporary stay of the trial court's order compelling them to sign the authorization. Relators argue the trial court's order circumvents the Freedom of Information Act and third party discovery rules, compels them to create a document that does not already exist, denies them protections afforded under the trade secret privilege, and is overbroad and unworkable. We granted relators' request for a temporary stay of the trial court's order and requested a response. After reviewing all of relators' arguments, we conclude that most lack merit. However, their contentions with respect to their trade secret privilege and the broad scope of the authorization highlight a flaw in the trial court's order we feel compelled to address because of its potential to impact relators' right to protect its proprietary interests under a preexisting protective order.

█ We begin by noting that it was within the trial court's discretion to order relators to sign an authorization. *See Mutter v. Wood,* 744 S.W.2d 600, 601 (Tex. 1988); *Martinez v. Rutledge,* 592 S.W.2d 398, 400 (Tex.Civ.App.–Dallas 1979, writ ref'd n.r.e.). The authorization in question covered any document "within the·custody of the FAA, as herein limited, where the FAA is deferring a right of control of the document to [relators] or where the FAA is treating the document as a proprietary document of [relators]." Earlier in this lawsuit, however, the trial court signed a protective order governing all documents and other discovery materials produced in response to discovery requests. Paragraph seven of the protective order provides: "Information contained in discovery materials that is produced in written form

for which a claim of confidential status is made shall be designated as 'Confidential' by stamping the appropriate designation on the face of such material prior to the production of such material."

As pointed out by the relators, the authorization the trial court ordered relators to sign is not addressed to a particular recipient and directly permits the release of documents the FAA considers proprietary without allowing relators the opportunity to first examine and stamp them as confidential. Consequently, relators correctly complain that the FAA documents containing relators' proprietary information and confidential trade secrets can be obtained by relators' adversaries and possibly others before relators have an opportunity to review and mark the documents appropriately, which relators otherwise would have the right to do by virtue of the trial court's existing protective order.

At the hearing on the motion to compel relators to sign the authorization, the trial judge specifically questioned relators' attorney about whether the existing protective order was inadequate to protect any proprietary interest they may have in the FAA documents. Counsel responded he did not think so, but that it was hard for him to answer the question until he examined the documents produced. The trial court then invited relators to review the existing protective order and to move for an appropriate modification in the event relators determined the protective order was insufficient to address their concerns about the FAA documents. Nothing in the record before us indicates relators accepted the trial court's invitation.

█ The trial court is in the best position to harmonize the authorization and protective order to ensure relators' proprietary interests and privileges are protected. *See Mutter,* 744 S.W.2d at 600–01. Because relators indicated to the trial

court that the protective order was adequate and, further, apparently have not accepted the trial court's invitation to file a motion to modify the protective order to address any trade secret concerns, we cannot conclude the trial court clearly abused its discretion in ordering relators to sign the authorization. Accordingly, we vacate our June 30, 2008 order staying the trial court's order and deny relators' petition for writ of mandamus. *See* Tex.R.App. P. 52.8(a); *Walker v. Packer*, 827 S.W.2d 833, 839–44 (Tex.1992) (orig. proceeding).