# NO. 12-08-00133-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE:* | § | *ORIGINAL PROCEEDING* |
| *CYNTHIA KETHLEY* | | |
| | § | |

---

### *MEMORANDUM OPINION*

Cynthia Kethley, relator,  filed a petition for writ of mandamus challenging the trial court's order denying her motion to quash Benjamin Grisham's notice of deposition by written questions served on ETMC First Physicians Clinic-Lindale (First Physicians Clinic).[1]  We deny Kethley's petition.

### BACKGROUND

Grisham and Kethley were involved in an automobile accident.  Kethley sued Grisham and claimed, among other damages, physical pain and suffering and past and future medical expenses related to injuries to her neck, back, and wrist.

During the discovery process, Grisham learned that Kethley had previous injuries to her neck, back, and wrist.  Seeking to determine the full extent of Kethley's previous injuries, Grisham requested any and all of Kethley's medical records through a deposition by written questions served on First Physicians Clinic.

Kethley filed a motion to quash the notice of the deposition arguing that the request 1) sought

---

[1] The respondent is the Honorable Floyd T. Getz, County Court at Law No. 3, Smith County, Texas.  The real party in interest is Benjamin Grisham.

information that was not relevant under ***Mutter v. Wood***;[2] 2) was overbroad; and 3) invaded her right to privacy. Kethley's motion did not specifically state that Grisham's request infringed upon the physician-patient privilege. Grisham responded that the request was relevant and not overly broad because "[o]btaining [Kethley's] records from her medical providers is the only way [Grisham] can be sure he is getting all of [Kethley's] records." Further, Grisham argued that the request did not violate Kethley's right to privacy because Grisham's request "clearly falls within an exception to the physician-patient privilege . . . . "

The trial court conducted a hearing on Kethley's motion to quash. At the hearing, Kethley specifically argued that Grisham's request violated the physician-patient privilege. Further, Kethley suggested that the trial court allow her to obtain a copy of the records and create a privilege log. She agreed that she would then provide the nonprivileged records to Grisham. She suggested further that the trial court conduct an in camera inspection of the questioned documents if Grisham contested any aspect of the privilege log. The trial court instead denied Kethley's motion to quash and allowed disclosure of all Kethley's medical records in the possession of First Physicians Clinic. The trial court stated that its determination relates only to the issue of whether the records are discoverable and is not a ruling that the records are admissible at trial. Kethley then filed a petition for writ of mandamus, along with a motion for temporary relief requesting a stay of the trial court's order pending our disposition of the mandamus petition. We granted the requested stay.

### AVAILABILITY OF MANDAMUS

Ordinarily, mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. ***In re Prudential Ins. Co. of Am.***, 148 S.W.3d 124, 135-36 (Tex. 2004); ***Walker v. Packer***, 827 S.W.2d 833, 839–40 (Tex. 1992). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. ***Walker***, 827 S.W.2d at 839. In such matters, the relator must establish that the trial court could reasonably have reached only one decision. ***Id.*** at 840. Review of a trial court's determination of the legal principles controlling its ruling is much less deferential. ***Id.*** A trial court has no discretion in determining what the law is or applying the law to the facts. ***Id.*** Thus, the trial court abuses its

---

[2] ***Mutter v. Wood***, 744 S.W.2d 600 (Tex. 1988).

2

discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003).

Kethley contends that the trial court's order in this case grants discovery of records protected by the physician-patient privilege. When a trial court erroneously grants discovery of privileged documents, mandamus is the appropriate remedy. *In re Fort Worth Children's Hosp.*, 100 S.W.3d 582, 587 (Tex. App.–Fort Worth 2003, orig. proceeding [mand. dismissed]). Appeal is inadequate in that case because, once revealed, the documents can no longer be protected. *Id.* The party claiming privilege has the burden of showing the applicability of the privilege and that the trial court abused its discretion. *Id.*

**PHYSICIAN-PATIENT PRIVILEGE**

Kethley concedes that Grisham is entitled to discover information regarding the previous injuries to her neck, back, and wrist. She argues, however, that the deposition on written questions goes too far and seeks information related to illnesses and injuries protected by the physician-patient privilege. Grisham asserts that Kethley failed to preserve and prove any claim of privilege. Alternatively, Grisham contends that the medical records requested in this case are discoverable for two reasons: 1) they fall within Texas Rule of Evidence 509(e)(4) and 2) Kethley's attempt to quash Grisham's notice of deposition on written questions constitutes an offensive use of the physician-patient privilege.

**Discovery and the Physician–Patient Privilege**

The purpose of discovery is the administration of justice by allowing the parties to obtain the fullest knowledge of facts prior to trial. *West v. Solito*, 563 S.W.2d 240, 243 (Tex. 1978); *Hill & Griffith Co. v. Bryant*, 139 S.W.3d 688, 695 (Tex. App.–Tyler 2004, no pet.). Discovery rules must be given a broad and liberal treatment. *Hill & Griffith Co.*, 139 S.W.3d at 695. A party must be allowed to inquire into the facts underlying his opponent's case. *Id.* Thus, discovery is permitted of any unprivileged information relevant to the subject of the lawsuit, including inadmissible evidence, as long as the request is reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3(a); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003).

Privileged information must be protected from disclosure. *See In re Collins*, No. 07-0737,

3

2009 WL 1567175 , at * 4-5 (Tex. June 5, 2009) (orig. proceeding). The party resisting discovery has the burden to plead the privilege and to produce evidence demonstrating the applicability of the privilege. *Peeples v. Fourth Court of Appeals*, 701 S.W.2d 635, 637 (Tex. 1985). Confidential communications and records between a physician and patient generally are privileged and not subject to disclosure. *Id.*; *see also* TEX. R. EVID. 509(c). The purpose of the privilege is twofold: 1) to encourage the full communication necessary for effective treatment and 2) to prevent unnecessary disclosure of highly personal information. *R.K. v. Ramirez*, 887 S.W.2d 836, 840 (Tex. 1994). But the physician-patient privilege is not without exceptions. *See* TEX. R. EVID. 509(e). The exception pertinent to this case is when the communication or record is relevant to an issue of the physical, mental, or emotional condition of a patient where a party relies upon the condition as a part of the party's claim or defense. *See* TEX. R. EVID. 509(e)(4). The physician-patient privilege remains in effect for communications and records not relevant to the underlying suit. *Mutter*, 744 S.W.2d at 601. A discovery order that compromises a person's right to possible claims of privilege or mandates the disclosure of privileged information is improper. *In re Fort Worth Children's Hosp.*, 100 S.W.3d at 587.

## Waiver of the Privilege

Grisham claims that Kethley waived the physician–patient privilege by failing to plead the privilege and by attempting to offensively use it.

1. **Pleading requirement**. Generally, a party waives a privilege by failing to specifically plead it. *See Peeples*, 701 S.W.2d at 637 (party waived any applicable privilege as to discovery sought from nonparty corporation where no privilege was claimed in motion for protective order). Here, Kethley filed a motion to quash Grisham's notice of deposition on written questions, asserting that the proposed questions were "overbroad" because they sought any and all of Kethley's medical records from First Physicians Clinic.

At the hearing on the motion to quash, Kethley's counsel began her argument by stating that "[t]his is about Texas Rule of Evidence 509 when the physician/patient information is privileged." Counsel then proceeded to specifically and forcefully assert that Grisham's deposition on written questions would require the production of documents protected by the physician-patient privilege. She presented several cases to the trial court, answered questions the trial court asked pertaining to each case, and gave specific reasons for her belief that each such case supported her motion.

4

Counsel also suggested the trial court allow First Physicians Clinic to send the medical records to her first, at which time she would remove the documents she believed to be privileged and prepare a privilege log. She would then provide to Grisham the documents she believed to be nonprivileged. Counsel stated further that if Grisham disputed the applicability of the physician-patient privilege as to any of the withheld documents, Kethley then would submit the documents to the trial court for an in camera inspection. Grisham's counsel responded to these arguments and suggestions, making no complaint to the trial court that Kethley had not properly raised the physician-patient privilege. In sum, the trial court was made aware that the physician-patient privilege was the basis for Kethley's motion to quash, and opposing counsel was given an opportunity to present contrary arguments. Therefore, based upon the record before us, we conclude that Kethley did not waive the physician–patient privilege by asserting it for the first time at the hearing on her motion to quash.

2. **Offensive use**. The offensive use doctrine sometimes requires the production of privileged information. *See **Tex. Dep't of Pub. Safety Officers Ass'n v. Denton***, 897 S.W.2d 757, 760-61 (Tex. 1995). The offensive use doctrine prohibits a plaintiff who is seeking affirmative relief from maintaining the action and at the same time maintaining "evidentiary privileges that protect from discovery outcome determinative information not otherwise available to the defendant." ***Id.*** Once a trial court finds an offensive use of a privilege by a plaintiff, the plaintiff is put to the choice of waiving the privilege or risking sanctions from the trial court. ***Id.*** Kethley is not seeking to use the physician-patient privilege to prevent the disclosure of documents related to past medical treatment of her neck, back, and wrist. Instead, she is seeking to prevent the disclosure of documents related to past medical treatment of other unrelated injuries or illnesses. As such, the documents Kethley seeks to protect are not "outcome determinative" for the claims she makes in the underlying proceeding. Accordingly, the offensive use doctrine does not apply and therefore does not support Grisham's waiver argument.

Having held that Kethley did not waive the physician–patient privilege, we now examine whether Grisham's deposition on written questions seeks documents that are protected by the physician-patient privilege.

**Proof of the Privilege**

Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed.

5

TEX. R. EVID. 509(c)(2). In a civil proceeding, however, an exception exists for a record relevant to an issue of the physical, mental, or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense. TEX. R. EVID. 509(e)(4). Kethley attached the deposition on written questions to her motion to quash. By this deposition, Grisham sought the production of any and all of Kethley's medical records from First Physicians Clinic without any limitation as to the type of injury or the time period of the treatment. Kethley's medical records are protected by the physician-patient privilege, and the scope of the request is much more broad than the applicable exception. *See R.K.*, 887 S.W.2d at 843 (request for records and records disclosed to be closely related in time and scope to claims made); *see also* TEX. R. EVID. 509(e)(4). Thus, Grisham's request potentially requires disclosure of documents protected by the physician-patient privilege. *See Mutter*, 744 S.W.2d at 601 (physician-patient privilege remains in effect for communications and records not relevant to underlying suit).

Kethley had the burden to produce evidence demonstrating the applicability of the privilege. *See In re Fort Worth Children's Hosp.*, 100 S.W.3d at 587. To meet her burden, Kethley was required to do more than show a potential violation. Instead, Kethley had the burden to present evidence that privileged information was in the possession of First Physicians' Clinic. *In re Collins*, 2009 WL 1567175 , at * 7. If a trial court abuses its discretion by issuing a protective order without evidence that privileged information is in the possession of the medical provider, it follows that a trial court does not abuse its discretion by denying a motion to quash when the movant fails to produce evidence that privileged information is in the possession of the medical provider. *See id.* And in this case, Kethley failed to present any evidence that First Physicians Clinic possessed information not relevant to the underlying lawsuit. *See id.* Thus, we cannot conclude that the trial court abused its discretion in denying Kethley's motion to quash. *See id*.

## DISPOSITION

Having held that the trial court did not abuse its discretion in denying Kethley's motion to quash, we *deny* Kethley's petition for writ of mandamus. Our stay of the trial court proceedings is lifted.

BRIAN HOYLE
Justice

Opinion delivered June 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)