**Opinion filed November 4, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00211-CV

_____

## IN RE RIUS RENTALS, LLC AND FRANKLIN POHLMANN

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relators, Rius Rentals, LLC and Franklin Pohlmann, filed this original petition for writ of mandamus in which they request that we instruct the Honorable John Shrode, presiding judge of the 358th District Court of Ector County, to vacate and reverse two orders signed on May 11, 2021, in cause number D-19-11-1455-CV. In those orders, Judge Shrode denied Relators' motions to compel Real Party in Interest, Jaydon Darnes, (1) to sign authorizations to allow Relators to obtain his cell phone records and documents relating to his driving history and driver training and (2) to produce copies of his cell phone records. We conditionally grant the petition for writ of mandamus, in part, and direct Judge Shrode to vacate the orders.

Because Judge Shrode considered neither the merits of Relators' requested relief nor Darnes's objections to the requested discovery, we deny the petition for writ of mandamus to the extent that Relators request that we direct Judge Shrode to grant the motions to compel.

*Background*

This proceeding arises out of an automobile accident on June 29, 2018, involving Darnes and Pohlmann. Darnes sued Relators, alleging that Rius Rentals owned or leased the truck that was involved in the accident and that Pohlmann, who was an employee or agent of Rius Rentals, was driving the truck when he ran a red light and hit Darnes's car. Darnes alleged that he was injured in the accident and sought to recover damages in excess of $1,000,000.

Relator asserted an affirmative defense of comparative negligence. Relators also retained an accident reconstructionist who opined that, if Darnes had been reasonably vigilant, he would have been able to detect, perceive, and react to the truck and could have safely stopped before the accident occurred. In the expert's opinion, Darnes's failure to react to the approach of the truck suggested the possibility that he was distracted as he was crossing the intersection. The expert reserved the right to comment further on Darnes's possible distraction after Darnes's cell phone records were made available.

Rius Rentals served Darnes with requests for production in which it requested (1) that Darnes either produce documents related to his driving history and driver training or sign an authorization to allow Rius Rentals to obtain these records and (2) that Darnes both sign an authorization to allow Rius Rentals to obtain Darnes's cell phone records and produce his cell phone records from the day of the accident. Darnes objected that the requests for production exceeded the permissible scope of discovery and sought information that was not relevant.

2

Relators filed a motion to compel Darnes to produce his cell phone records from the date of the accident followed by a supplemental motion to require Darnes to sign an authorization to allow Relators to obtain the cell phone records directly from the service provider. Relators also filed a motion to compel Darnes to sign an authorization to allow Relators to obtain documents related to Darnes's driving history and driver education. Darnes responded that the requested discovery was neither supported by Relators' pleadings nor relevant to any claim or defense in the case, that Relators' requests for information regarding his driver's license and driver training was duplicative and harassing, and that whether he had a driver's license was not admissible at trial as evidence of negligence.

At the hearing on Relators' motions, Judge Shrode first considered the motion to compel Darnes to sign the authorizations prepared by Relators. Judge Shrode referred to *In re Guzman*, 19 S.W.3d 522 (Tex. App.—Corpus Christi–Edinburg 2000, orig. proceeding), which had not been cited by either party, for the proposition that a court "cannot order someone to complete an authorization." Judge Shrode then stated that, to him, "that resolve[d] the matter" because if he ordered Darnes "to sign an authorization, [he was] ordering [Darnes] to create a document." Later in the hearing, Judge Shrode reiterated:

> [I]f you have a case that pretty much resolves the issue, which to me, as much as I would like to order them to sign these authorizations, and I'm not saying I would, because maybe they're relevant and maybe they're not, but my point is that we don't even have to get there because I cannot order them to create a document.

Judge Shrode also considered Relators' request that Darnes be compelled to produce his cell phone records from the date of the accident. Judge Shrode stated that the requested records were not within Darnes's control unless he "actually [had] them." Judge Shrode stated:

[T]hese are personal cell phone records. I don't keep mine and I'm a lawyer. I doubt very seriously if he keeps his. And as much as you hate to do it, you know, I wish he kept them and we could look at them, but it's probably not real likely that you have them.

Later in the hearing, Judge Shrode reiterated that:

If he can obtain [the cell phone records], that's not what you get. You get what he has, not what he can get. . . . So that means if he does not have them in his possession, he doesn't have to turn them over, regardless of how much we would like to.

Darnes requested a protective order to prevent Relators from doing an "end run" by sending a deposition for written questions to obtain the information. Judge Shrode responded that, if Relators were to amend their pleadings, Darnes's argument that the requested information was not relevant "would kind of be null and void." Darnes responded, "Yes, it could be, as far as the cell phone records . . . but as far as the driver's license and driver's education, it wouldn't be, because --." Judge Shrode interrupted and stated, "I'm not there yet." Judge Shrode later stated that it was possible information about the type of training that Darnes received "could be relevant" and that, "[i]f we get there," he would address the issue.

Judge Shrode orally denied Relators' motions to compel. He later signed written orders denying the motions to compel without stating any basis for his rulings.

*Analysis*

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding); *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding). To obtain relief by mandamus, a relator must show that the trial court clearly abused its discretion and that there is no adequate remedy by appeal. *In re Texan Millwork*, No. 20-0662, 2021 WL 4483506, at *3 (Tex. Oct. 1, 2021) (orig. proceeding) (per curiam); *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding). "A trial

4

court abuses its discretion when it misinterprets or misapplies the law," *In re Texan Millwork*, 2021 WL 4483506, at \*3, or when its ruling is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law," *In re K & L Auto Crushers*, 627 S.W.3d at 247 (quoting *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding)).

As to whether there is an adequate remedy by appeal, a trial court's refusal to compel discovery is generally not reviewable by mandamus. *In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding). However, where the trial court's denial of discovery "prohibits a party from effectively preparing for trial, 'his remedy by appeal is of doubtful value.'" *In re K & L Auto Crushers*, 627 S.W.3d at 256 (quoting *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding)). As relevant here, a party may not have an adequate remedy by appeal if the trial court's discovery order vitiates or severely compromises the party's ability to present a viable claim or defense or when discovery is disallowed and cannot be made part of the appellate record such that a reviewing court is unable to evaluate the effect of the trial court's erroneous ruling. *Id.* "A party's ability to present and develop its case may be severely compromised when the denied discovery goes 'to the very heart' of a party's case and prevents it from 'developing essential elements' of its claim or defense." *Id.* (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding)).

In their petition, Relators argue the Judge Shrode abused his discretion when he denied the motions to compel because (1) the requested discovery goes to the heart of Relator's comparative negligence affirmative defense; (2) the Texas Rules of Civil Procedure do not specifically prohibit, and actually contemplate, the use of authorizations as a permissible discovery tool; and (3) Darnes is required to produce records that are relevant and within his constructive possession, custody, and control. Darnes responds (1) that even assuming that the Texas Rules of Civil Procedure

allow for authorizations to be used as a discovery tool, none of the documents requested by Relators are relevant and (2) that Relators have an adequate remedy by appeal.

   A. *Bases for Rulings*

   In his response to Relators' petition, Darnes contends that the written orders denying the motions to compel do not state the bases for Judge Shrode's rulings and that the comments made by Judge Shrode during the hearing do not limit the ground upon which his orders can be upheld on appeal. Darnes asserts that mandamus should be denied because it is possible that Judge Shrode refused to grant the motions to compel because the requested information either was not relevant or could be obtained from a source other than Darnes and that the record does not reflect that Judge Shrode clearly abused his discretion when he made those rulings.

   We recognize that oral comments from the bench are not written findings of fact and conclusions of law and, therefore, do not limit the grounds upon which a ruling can be upheld. *See In re Doe 10*, 78 S.W.3d 338, 340 n.2 (Tex. 2002); *In re W.E.R.*, 669 S.W.2d 716, 716–17 (Tex. 1984) (per curiam). However, when an abuse-of-discretion standard applies to a pretrial discovery ruling, a trial court's oral explanation in the record may be sufficient to guide the appellate court in determining in a mandamus proceeding whether the trial court exercised its discretion in a reasonable and principled fashion. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992) (orig. proceeding); *see also In re BP Prods. N. Am.*, 244 S.W.3d 840, 846 n.6 (Tex. 2008) (orig. proceeding).

   In this case, Judge Shrode specifically stated during the hearing that he could not compel Darnes (1) to create a document by signing the provided authorizations or (2) to produce any cell phone records that were not in his physical possession. Judge Shrode repeatedly confirmed that he was not reaching the issue of whether the requested information was relevant and orally denied the motions to compel at the

6

conclusion of the hearing. Under these circumstances, Judge Shrode's oral statements from the hearing are a sufficient guide for us to ascertain that he did not reach the issue of whether the requested information was relevant. *See Blackmon*, 841 S.W.2d at 851–52.

Relying on Rule 192.4(a) of the Texas Rules of Civil Procedure, Darnes also contends that Judge Shrode could have reasonably determined that it was more convenient, less burdensome, or less expensive for Relators to subpoena the cell phone records from the carrier rather than to require Darnes to sign the requested authorization. During the hearing, the parties discussed with Judge Shrode other possible avenues by which Relators could obtain information related to Darnes's driving history. However, as to his cell phone records, Darnes argued only that the records were not relevant and that Relators' pleading did not support the requested discovery. Because Darnes did not argue before Judge Shrode that there were more convenient, less burdensome, or less expensive methods by which Relators could obtain Darnes's cell phone records other than to require Darnes to sign an authorization, we will not consider that argument in this original proceeding. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding) (per curiam) (declining to consider in mandamus proceeding specific objections that were not raised in the trial court).

We hold that, on this record, Judge Shrode denied Relators' motions to compel solely on the grounds that he could not require Darnes to create a document by signing the provided authorizations and could not require Darnes to produce documents that were not in Darnes's physical possession.

## B. Authorizations

We turn first to whether Judge Shrode abused his discretion when he determined that he did not have power to order Darnes to sign the provided authorization. In making this determination, Judge Shrode specifically relied on *In*

7

*re Guzman*, in which the Corpus Christi–Edinburg Court of Appeals determined that the effect of requiring the plaintiff to sign an authorization would be to order the plaintiff to create a document which did not exist. 19 S.W.3d at 525. The *In re Guzman* court held that the Texas Rules of Civil Procedure "do not permit the trial court to force a party to create documents which do not exist, solely to comply with a request for production." *Id.* However, the Corpus Christi–Edinburg Court of Appeals recently questioned the viability of its holding in *In re Guzman*. *See In re Flores*, No. 13-20-00105-CV 2020 WL 1951540, at *5 n.4 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2020, orig. proceeding) (mem. op.) (noting that the scope of *In re Guzman*'s holding that a trial court did not have the power "to order the creation of an authorization for a third party to deliver information to a litigant" was "unclear in the wake of the numerous intervening changes to the rules of civil procedure" and that discovery procedures could be modified by agreement of the parties or by court order for good cause). Further, other courts of appeals have held that a trial court does not impermissibly require a party to create a document by ordering the party to sign an authorization for the release of documents. *See Martinez v. Rutledge*, 592 S.W.2d 398, 400 (Tex. App.—Dallas 1979, writ ref'd n.r.e.) ("The tangible thing here sought is the record which is in existence. The authorization is merely the means of acquiring that which is sought. We do not agree that the order required the creation of a document."); *see also In re Shipmon*, 68 S.W.3d 815, 819–20 (Tex. App.—Amarillo 2001, orig. proceeding [mand. denied]).

The discovery rules delineate the permissible forms of discovery. TEX. R. CIV. P. 192.1. Although the discovery rules provide for the use of authorizations to

obtain records in certain circumstances,[1] they do not list authorizations to obtain records as a generally available form of discovery. *See* TEX. R. CIV. P. 192.1. However, "[e]xcept where specifically prohibited, the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit by the agreement of the parties or by court order for good cause." TEX. R. CIV. P. 191.1. "In individual instances," a trial court may order, or the parties may agree, that the parties will "use discovery methods other than those prescribed in [the discovery rules] if appropriate." TEX. R. CIV. P. 191.5, cmt. 1. We note that authorizations for the release of records related to a party may be an efficient means to obtain records that are in the possession of a third party, particularly if that third party requires such authorizations in order to avoid potential claims. Therefore, it is within a trial court's discretion to order a party to sign an authorization. *In re Mitsubishi Heavy Indus. Am., Inc.*, 269 S.W.3d 679, 680 (Tex. App.—Dallas 2008, orig. proceeding); *see also In re BP Prods. N. Am., Inc.*, 244 S.W.3d at 846 ("Consistent with its powers over discovery, a trial court may modify discovery procedures and limitations for 'good cause.'" (citing TEX. R. CIV. P. 191.1)).

We hold that Judge Shrode abused his discretion when he categorically held that he could not order Darnes to sign the requested authorizations. However, we express no opinion on whether, under the "individual instances" in this case, the requested authorizations are an appropriate form of discovery. *See* TEX. R. CIV. P. 191.5, cmt. 1.

---

[1]*See* TEX. R. CIV. P. 194.2(j) (providing that, in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the suit, a party may respond to a request for disclosure of medical records and bills that are reasonably related to the injuries or damages asserted by providing an authorization permitting the disclosure of medical records and bills), *amended by* Dec. 23, 2020 Tex. S. Ct. Order No. 20-9153 (effective January 1, 2021); TEX. R. CIV. P. 196.1(c) (providing that a party who has requested that another party produce medical or mental health records of a nonparty is not required to serve the nonparty with the request if the nonparty has signed a release of the medical or mental health records that is effective as to the requesting party).

## C. Cell Phone Records

Relators also requested that Darnes produce his cell phone records from the date of the accident. Judge Shrode denied Relators' motions to compel Darnes to produce the records because the records were not in Darnes's physical possession.

Generally, the scope of discovery includes any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information is reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3(a); *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787–88 (Tex. 2021) (orig. proceeding). The phrase "relevant to the subject matter" is to be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 664 (Tex. 2009) (quoting *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990)). In response to a valid request for production, a party must produce responsive, non-privileged documents within his possession, custody, or control. TEX. R. CIV. P. 192.3(b).

"Possession, custody, or control" means that "the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item." TEX. R. CIV. P. 192.7(b). "Thus, a party must produce items it either physically possesses or constructively possesses, meaning the party has the right to obtain possession from a third party, such as an agent or representative." *Jurgens v. Martin*, No. 11-18-00316-CV, 2021 WL 1033306, at *14 (Tex. App.—Eastland Mar. 18, 2021, no pet.) (citing *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993)); *see also In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding). "[The] duty to produce is not always satisfied by producing the documents that are in the party's immediate physical possession but 'may often extend to documents in the possession of persons or entities that are not parties to the suit.'" *In re Summersett*, 438 S.W.3d 74, 81

10

(Tex. App.—Corpus Christi-Edinburg 2013, orig. proceeding [mand. denied]) (quoting *In re Certain Underwriters at Lloyd's London*, 294 S.W.3d 891, 903 (Tex. App.—Beaumont 2009, orig. proceeding [mand. denied])).

"The right to possession is a legal right based upon the relationship between the party from whom the document is sought and the party who has actual possession of it." *GTE Commc'ns*, 856 S.W.2d at 729; *see also In re Kuntz*, 124 S.W.3d at 181. Mere access to documents does not constitute possession if the person with access does not have a legal right to produce the relevant documents. *In re Kuntz*, 124 S.W.3d at 184. However, a person has "possession, custody, or control" of documents if the documents can be obtained after the party provides an authorization. *In re Home State Cty. Mut. Ins. Co.*, No. 12-07-00033-CV, 2007 WL 1616823, at *3 (Tex. App.—Tyler June 6, 2007, orig. proceeding) (mem. op.); *see also Jurgens*, 2021 WL 1033306, at *14 (holding that a party had constructive possession over bank records because they were either her own accounts or accounts over which she had authority).

Darnes had "possession, custody, or control" of his cell phone records if those records were in his physical possession, if he had a right to access and produce those records, or if the records could be obtained pursuant to an authorization that he signed. *See* TEX. R. CIV. P. 192.3(b), 192.7(b); *In re Topletz*, No. 05-19-00327-CV, 2019 WL 4302254, at *4 (Tex. App.—Dallas Sept. 11, 2019, orig. proceeding) (mem. op.); *In re Home State Cty. Mut. Ins.*, 2007 WL 1616823, at *3. Therefore, Judge Shrode abused his discretion when he denied Relators' motion to compel on the basis that Darnes could be required to produce only those documents in his physical possession. We express no opinion on whether Relators established either that they were entitled to the production of the requested information or that Darnes has constructive possession of the documents. *In re Univ. of Tex. at San Antonio*, No. 04-20-00439-CV, 2021 WL 185529, at *3 (Tex. App.—San Antonio Jan. 20,

11

2021, orig. proceeding) (mem. op.) ("The party seeking production has the burden of proving that the [other party] has constructive possession or the right to obtain possession of the requested documents." (citing *GTE Commc'ns Sys.*, 856 S.W.2d at 729)).

### D. Adequate Remedy by Appeal

The adequacy of an appellate remedy depends heavily on the circumstances and requires a balancing of the benefits of mandamus review against the detriments. *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding) (per curiam). "A party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." *In re Kuntz*, 124 S.W.3d at 181.

Judge Shrode denied Relators' motions to compel without considering either the merits of Relators' arguments that they needed the documents to pursue their defense of comparative responsibility or Darnes's objections to producing the documents. Judge Shrode did not review the documents and did not rule on whether the requested documents were relevant and subject to being produced by Darnes or through authorizations signed by Darnes. The requested documents are not in the record, cannot be made a part of the record because they are in the possession of third parties, and cannot be reviewed in any subsequent appeal. *See Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex. 1992) (orig. proceeding). Therefore, on appeal, the reviewing court would not be able to determine whether the lack of the requested documents erroneously affected the outcome of the trial. *See In re K & L Auto Crushers*, 627 S.W.3d at 257; *Walker*, 827 S.W.2d at 843–44. Under these circumstances, Relators do not have an adequate remedy by appeal. *See In re K & L Auto Crushers*, 627 S.W.3d at 256; *Walker*, 827 S.W.2d at 843–44.

*E. Conclusion*

We hold that Relators are entitled to mandamus relief from Judge Shrode's rulings that he did not have the authority to compel Darnes to sign authorizations or to produce documents that were not in Darnes's physical possession. However, Judge Shrode did not consider whether Relators were entitled to the substantive relief requested in their motions to compel. Judge Shrode has discretion in determining whether a discovery request falls within the permissible scope of discovery, *see In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802 (Tex. 2017) (orig. proceeding), and Judge Shrode, not this court, should make that initial determination. *See In re Eurecat US, Inc.*, 425 S.W.3d 577, 583 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (declining to consider in mandamus proceeding any alleged reason that discovery was relevant and necessary that was not presented to the trial court).

*This Court's Ruling*

We grant the petition for writ of mandamus, in part, and direct the Honorable John Shrode to vacate the orders that he signed on May 11, 2021, in which he denied Relators' motions to compel. A writ of mandamus will issue only if Judge Shrode fails to act by November 15, 2021. We deny the petition for writ of mandamus to the extent that Relators request that we direct Judge Shrode to grant the motions to compel.

PER CURIAM

November 4, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.