**Affirmed and Memorandum Opinion filed July 2, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00120-CV

## 1001 WEST LOOP LP, GALLERIA LOOP NOTE HOLDER, LLC, 1001 WL GP, LLC, AND 1001 WL, LLC, Appellants

## V.

## BOXER PROPERTY MANAGEMENT CORPORATION, Appellee

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-85300**

## MEMORANDUM OPINION

Appellants 1001 West Loop LP, Galleria Loop Note Holder, LLC, 1001 WL GP, LLC, and 1001 WL, LLC challenge a default judgment entered against them after the trial court struck their pleadings for discovery abuses. In issue one, appellant 1001 WL GP contends it should not be subject to the same sanctions as the remaining appellants. In issue two appellants challenge the trial court's denial of their motion for continuance of the hearing on appellee's fifth motion to strike their pleadings. In

the remaining four of their six issues appellants contend the trial court's imposition of death-penalty sanctions constituted an abuse of discretion. We affirm.

### The Parties and the Contract

In July 2018 appellee Boxer Property Management Corporation entered into a "Management and Leasing Agreement" (Management Agreement) with appellants 1001 WL, LLC, and 1001 West Loop, LP to "operate, lease and manage" a commercial office building located at 1001 West Loop South in Houston (the Property). The sole function of appellant 1001 WL GP, LLC was to act as a general partner for 1001 West Loop, LP. Ali Choudhri is 1001 WL GP's president and was originally designated as corporate representative for all appellants.

On November 27, 2019, Boxer filed an original petition in which it alleged it had performed its obligations under the contract but appellants 1001 WL, LLC, and 1001 West Loop, LP stopped paying under the contract. Boxer sought damages for breach of contract and foreclosure of its mechanics lien from 1001 WL, LLC, 1001 West Loop, LP, and the general partner 1001 WL GP.

### Foreclosure of the Property

Boxer later learned that one month before it sent notice of its election to terminate the Management Agreement, Galleria Loop Note Holder LLC purchased the Property through foreclosure. 1001 West Loop obtained loans from MidFirst Bank in 2012 and 2014 to purchase the Property. *Lee v. Galleria Loop Note Holder LLC*, No. 01-22-00160-CV, 2023 WL 5436434, at *1 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, no pet.) (mem. op.). By May 2019, six months before Boxer filed its original petition, 1001 West Loop had defaulted on the loans. *Id*. Appellant Galleria Loop Note Holder LLC (Galleria) purchased the defaulted loans, and on

2

May 30, 2019, issued a written resolution stating that Galleria and its sole owner had entered into a loan agreement with Choudhri, and appointed Choudhri as the chief executive officer of Galleria, authorizing him to take action to execute and deliver the loan documents. *Id*. The next day Choudhri entered into a membership interest option agreement granting him a call option to purchase 100% of the membership interest in Galleria. *Id*. The same day, Galleria purchased the senior liens from MidFirst Bank, effectively making Galleria the senior lienholder on the Property. *Id*. Galleria subsequently foreclosed on the liens, then was the only bidder at the foreclosure sale. *Id.* at *2. Hours after Galleria acquired the property, Choudhri exercised the option to purchase all of the membership interest in Galleria. *Id.* Afterward, no proceeds remained from the foreclosure sale to pay off the junior liens. *Id.* Essentially, Choudhri, as owner of the Property and Galleria, was able to purchase the property at foreclosure leaving no funds to be paid to junior lienholders, including Boxer. On August 27, 2020, Boxer amended its petition adding Galleria as a defendant and alleging claims of fraudulent transfer, successor liability, and transferee liability against Galleria.

### *First Motion to Compel Discovery*

On April 12, 2021, Boxer filed its first motion to compel discovery. Boxer had served its first requests for production and interrogatory requests on October 20, 2020. The discovery requests were sent to all defendants except 1001 WL GP (the General Partner). On March 18, 2021, appellants' counsel withdrew, and new counsel was substituted. Appellants responded to Boxer's interrogatories, but Boxer alleged appellants' responses were "severely and objectively lacking in substance, while also purportedly subject to numerous irrelevant objections."

On May 14, 2021, the trial court held a non-evidentiary hearing on Boxer's motion to compel. Boxer's counsel asserted it had received no document production

3

and very few responses to the interrogatories. Appellants objected to the document requests and interrogatories as overbroad and irrelevant. On May 14, 2021, the trial court signed an order granting Boxer's motion to compel, and overruling appellants' objections to discovery. The trial court ordered appellants to submit complete responses to Boxer's discovery within 30 days of the date of the order. The trial court also issued a subpoena duces tecum to the custodian of records to produce the "books, papers, documents, or other tangible things" requested by Boxer.

### Second Motion to Compel Discovery

On June 25, 2021, Boxer filed its second motion to compel discovery and requested sanctions. Although appellants amended their responses to discovery, Boxer alleged their responses were "still non-existent or sorely deficient." Boxer alleged appellants failed to produce any documents. Many of appellants' responses to production simply stated, "Responsive documents will be produced." Boxer requested a second order requiring compliance and requesting sanctions of $2,000 as reimbursement for its attorney's fees incurred in pursuing discovery.

On July 16, 2021, the trial court granted Boxer's motion and required appellants to comply with its May 14, 2021 order compelling discovery within 15 days. The trial court also assessed $2,000 as sanctions for fees caused by the failure to comply with the rules of discovery and the court's order. There is no record of a hearing on Boxer's second motion to compel.

### Third Motion to Compel Discovery

On September 10, 2021, Boxer filed a third motion to compel seeking discovery sanctions including an order striking appellants' pleadings. Boxer alleged appellants not only failed to comply with the court's first two orders but also failed to comply with a second set of discovery requests, a request for a privilege log, and

a request for disclosure. Appellants also failed to pay the previously ordered $2,000 in sanctions.

On November 8, 2021, the trial court held a hearing on Boxer's third motion. At the hearing, appellants had engaged new counsel because their previous counsel had passed away since the last hearing. Acknowledging that new counsel needed time to become acquainted with the case, the trial court gave appellants an additional 30 days to comply with the discovery orders.

Several months later, on March 13, 2022, appellants had still not complied with the court's previous two orders. The trial court signed an order for sanctions as follows:

> Today the Court considered the Plaintiff's Third Motion to Compel seeking sanctions for the third time for the Defendant's failure to comply with discovery and the two prior Court orders on these issues. The Defendant has again failed to comply with the Court's orders and its basic discovery obligations. Nonetheless, Counsel for the Defendant has represented that all responsive documents have been produced. Counsel for the Plaintiff appeared at this hearing with evidence that this statement is not true based on publicly filed documents. As such, the Court finds that the Defendant is again in violation of the prior orders. The Court has also sanctioned the Defendant with monetary sanctions, which have not been paid. The Court therefore finds that monetary sanctions are insufficient to address these repeated violations.

> It is therefore ordered that the Defendant's pleadings in this case are struck. This Order will not however become effective if the Defendant presents a detailed affidavit to the Plaintiff's counsel within five days of this Order from the Defendant's corporate representative describing all efforts taken to discover, identify, and produce responsive documents; an identification by Bates Number of all responsive documents to each request; or alternatively that after such search no responsive documents can be found.

> If Plaintiff is able to demonstrate to the Court that any statement in this Affidavit is false, the Defendant's pleadings will remain struck.

> The Plaintiff is further awarded $5,000 as sanctions for prosecution of

5

this motion and the last motion in December.

Approximately one month after the trial court issued its order appellants' new counsel sought to withdraw citing "irreconcilable differences and unresolvable conflicts."

### *Fourth Motion to Compel Discovery and Second Motion to Strike Pleadings*

On April 18, 2022 Boxer filed its second motion to strike appellants' pleadings and fourth motion to compel discovery responses. In the motion Boxer stated that during a March 11, 2022 hearing, stand-in counsel acknowledged that Boxer had noticed appellants' corporate representatives for depositions.[1] The notice was served March 4, 2022 for depositions scheduled between March 24 and March 28. At that time Choudhri was appellant's designated corporate representative. On March 22, 2022, appellants advised Boxer they were cancelling the depositions because counsel was in trial on another matter. Despite Boxer's attempts to reschedule, appellants provided no alternative dates for depositions. Appellants also continued to decline to respond to requests for production and interrogatories. Boxer requested that appellants' pleadings be struck, or, in the alternative, that appellants be ordered to produce their corporate representative for deposition.

On May 13, 2022, the trial court held a hearing on Boxer's motion. At the hearing Boxer's counsel acknowledged that Choudhri had provided an affidavit as required by the trial court's third order. The trial court asked whether the affidavit was false, and Boxer's counsel replied that he needed to take Choudhri's deposition before he could determine whether the affidavit was false. The trial court allowed appellants' previous counsel to withdraw, and appellants' new counsel appeared at the hearing. On the record, the trial court overruled appellants' objections to

---

[1] A record of the March 11, 2022 hearing, if one was made, was not filed with the record in this appeal.

discovery and ordered them to respond to new requests for production and interrogatories within four days. The trial court further ordered appellants to present their corporate representative for deposition.

Following the hearing, Boxer coordinated with appellants' counsel and noticed appellants' corporate representative deposition for May 19, 2022. Two hours before the deposition was to take place, appellants' counsel sent an email informing Boxer that Choudhri would not appear and the only person available was the current office manager who was "very new to the company." Because the office manager was unprepared, the deposition did not take place.

Boxer subsequently noticed appellants' corporate representative's deposition for August 3, 2022 and August 4, 2022. Boxer further noticed Choudhri's deposition as a fact witness on August 5, 2022. Neither the corporate representative nor counsel appeared for the deposition scheduled August 3. The next day Boxer filed its third motion to strike appellants' pleadings. Later that day appellants' counsel informed Boxer that corporate representatives had not been designated or prepared as counsel was ill.

### Third Motion to Strike Pleadings

In response, on August 4, 2022, Boxer filed a third motion to strike appellants' pleadings on the grounds that appellants continued to resist discovery and failed to present a corporate representative and/or Choudhri for deposition. On August 19, 2024, the trial court held a hearing on Boxer's motion. On the record, the trial court acknowledged that an order compelling discovery was issued May 14, 2021 because appellants failed to provide "even the most basic responses." In July 2021, monetary sanctions were assessed for failure to comply with discovery. The trial court further acknowledged that a third sanctions order issued in March 2022, and that as far back as 2021 Choudhri had been appellants' designated corporate representative. Boxer's

7

counsel told the court that he had prepared for 12 depositions in which appellants had not appeared. At the conclusion of the hearing the trial court decided to hold on Boxer's motion to strike appellants' pleadings to give Boxer an opportunity to depose Choudhri to explore whether Choudhri's representations in his affidavit were accurate.

The trial court signed an order August 31, 2022 in which the court denied the motion to strike appellants' pleadings and granted the motion for sanctions in part, stating:

> [T]he Court grants the Motion to the extent it seeks sanctions for the Defendants' ongoing discovery abuses, including but not limited to, the failure to schedule and/or appear for depositions. Defendants shall pay to the Plaintiff $7,500 in sanctions and must appear for a deposition within 5 days of this Order or other written agreement of the Parties.

### *Fourth Motion to Strike Pleadings*

On September 15, 2022, Boxer filed a fourth motion to strike appellants' pleadings explaining that despite the court's previous four orders compelling discovery and the assessment of monetary sanctions, appellants still failed to respond to discovery and failed to present a corporate representative and/or Choudhri for deposition. Boxer further objected to appellants' attempt to change their designation of corporate representative. Because Choudhri had produced the affidavit in support of appellants' failure to respond to discovery, Boxer objected to appellants' attempts to substitute other employees as corporate representatives.

Before the scheduled hearing on Boxer's motion appellants agreed to schedule depositions, but changed the designation of their corporate representative from Choudhri to Jetall Company employees, Scarlet MacGeorge, an office manager, and

8

Dward Darjean, a property manager.[2] MacGeorge and Darjean were not employees of any of the appellant companies. Below are some of the topics Boxer sought to explore with appellants' corporate representatives:

> 1.   Defendants' organizational structures, functions, assets and corporate status;
>
> 2.   Past and present ownership, membership, control and governance of each Defendant, including, but not limited to, the identities of all related entities and individuals and their positions, responsibilities and influences;
>
> 3.   Ownership status and history of the subject Property;
>
> ***
>
> 12. The basis for Defendants' refusal to pay and/or contest the particular sums Plaintiff claims are owed in this lawsuit, and who made/makes that decision for each Defendant;
>
> ***
>
> 16. The mechanics lien Plaintiff filed against the subject Property, Recorded as Harris County Clerk's File No. RP-2019-385456;
>
> ***
>
> 18. Transfer of the Property to and/or from any other person or entity (directly or indirectly) and the related circumstances, including, but not limited to, Defendants' default on any promissory notes and the procedures and notices related thereto, foreclosure of any liens and the procedures and notices related thereto, sale or attempted sale of the subject Property and the procedures and notices related thereto, any monies received or paid incident to such[.]

Boxer proceeded to depose MacGeorge and Darjean and later averred they were "wholly unprepared to address a broad range of the material topics they were designated to discuss."

---

[2] Jetall Company is also owned by Choudhri.

***Fifth Motion to Strike Pleadings***

On November 22, 2022, Boxer filed its fifth motion to strike appellants' pleadings. In Boxer's motion, it detailed the previous trial court orders compelling discovery, the trial court's monetary sanctions, and appellants' failure to produce a designated corporate representative who could provide meaningful responses to deposition questions. Boxer asserted that appellants' refusal to produce corporate representatives who could testify on material topics in addition to appellants' obstructive actions in response to discovery prevented Boxer from adequately prosecuting its suit. Boxer sought "death-penalty sanctions" and recovery of its costs and attorney's fees.

Appellants responded to Boxer's fifth motion to strike and asserted that (1) the motion was filed after the dispositive-motion deadline; and (2) the motion contained no certificate of conference. The response was filed shortly before midnight the night before the scheduled hearing on Boxer's motion.

The trial court held a hearing on Boxer's fifth motion at which appellants were represented by substitute counsel because their lead counsel was unavailable. At the hearing the trial court explained to counsel that the dispositive-motion deadline in the docketing control order did not apply to a motion to strike pleadings, nor would a certificate of conference be required because "[t]he other side rarely agrees."

On December 9, 2022, the trial court signed an order striking appellants' pleadings. The trial court found Boxer was prejudiced by appellants' "ongoing and persistent refusal to comply with the rules of discovery," concluding there was a direct relationship between appellants' conduct and the sanction. The trial court further stated in the order that it had considered imposition of lesser sanctions but determined that "such sanctions have not and would not promote . . . compliance or deter similar conduct."

The trial court subsequently granted Boxer's motion for default judgment ordering actual damages of $242,056.61, reasonable and necessary attorneys' fees, and foreclosure of Boxer's mechanic's and materialmen's lien. This appeal followed.

ANALYSIS

In six issues appellants challenge the trial court's order striking their pleadings. In their first issue appellants assert the trial court abused its discretion by imposing the same sanctions against the General Partner as against 1001 WL, 1001 West Loop, and Galleria. In their second issue appellants assert the trial court erred in denying their motion for continuance of the hearing on Boxer's fifth motion to strike. In issues three through six appellants assert the trial court abused its discretion in imposing sanctions (3) that were more severe than necessary; (4) for failure of the corporate designee to appear for deposition; (5) without proof that Boxer could not prepare for trial without adequate discovery; and (6) without justification that appellants' claims and defenses lacked merit.

## I.     Standard of Review

We review the trial court's discovery sanctions for abuse of discretion. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam); *Khan v. Valliani*, 439 S.W.3d 528, 533 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

In reviewing a sanctions order, we ordinarily look to the trial court's formal findings of fact. *Wade v. Farmers Ins. Group*, No. 14-01-00691-CV, 2002 WL

11

1404713, at \*2 (Tex. App.—Houston [14th Dist.] June 27, 2002, no pet.) (mem. op.). In the absence of formal findings, we will look to the trial court's statements in the sanctions order. *Id*. In this case, formal findings of fact were not requested, but the trial court's order recites facts and findings supporting the imposition of sanctions.

## II. Sanctions assessed against the General Partner

For the first time on appeal appellants assert in their first issue that the trial court abused its discretion in imposing the same sanctions against the General Partner as against the other appellants because Boxer did not independently serve the General Partner with discovery requests as it was not a party to the Management Agreement.

We conclude the General Partner waived its right to raise this issue on appeal. The record reflects that all defendants filed a joint answer to Boxer's petition. The General Partner did not file separate pleadings. To preserve a complaint on appeal, Rule 33.1 of the Rules of Appellate Procedure requires the record to show that a specific complaint was made to the trial court by a timely request, objection, or motion, and that the trial court ruled on that request, objection, or motion. Tex. R. App. P. 33.1(a). Thus, when a party is informed of the trial court's intent to rule on a sanctions motion at a hearing, the party is required to raise an objection to a lack of service of discovery at that time. *McCollum v. The Bank of New York Mellon Tr. Co.*, 481 S.W.3d 352, 359 (Tex. App.—El Paso 2015, no pet.). The General Partner did not object to the trial court's assessment of sanctions on the grounds that it had not been served with discovery requests. Moreover, the General Partner did not file separate pleadings from the other defendants.

Because the General Partner failed to object to the same sanctions being assessed against it as the other defendants, the General Partner waived error with regard to its first issue. We therefore overrule appellants' first issue.

## III. Motion for Continuance

In appellants' second issue they contend the trial court abused its discretion in denying their motion to continue the hearing on Boxer's fifth motion to strike their pleadings. To recap, Boxer filed its fifth motion to strike appellants' pleadings on November 22, 2022. That same day Boxer filed a notice of oral hearing giving notice that a hearing was scheduled at 11:00 a.m. on December 9, 2022. Two minutes before midnight on December 8, appellants filed a response to Boxer's motion and a motion to reset the hearing. In the response appellants alleged Boxer's motion should be struck because it was filed beyond the dispositive-motion deadline set by the docket control order, and it did not contain a certificate of conference. Appellants requested a continuance of the hearing for those reasons and because appellants' counsel was scheduled for trial in another county.

At the hearing the next morning appellants were represented by stand-in counsel who informed the court that appellants' lead counsel filed a response to Boxer's motion the night before. The trial court stated that no response had been filed. Appellants' lead counsel sent an email to the court and purportedly attached a response, but, according to the trial court, the attachment was actually a copy of Boxer's motion, not a response to it. The trial court did not specifically rule on the motion for continuance but the court granted Boxer's motion to strike appellants' pleadings.

On appeal Boxer contends appellants waived a challenge to the denial of their motion for continuance because the trial court did not explicitly rule on their motion. We conclude, however, that the trial court implicitly denied appellants' motion for continuance when it proceeded with the hearing on Boxer's motion to strike pleadings and then granted that motion. *See EM Bldg. Contractors Services, LLC v. Byrd Bldg. Services*, LLC, No. 05-19-00153-CV, 2020 WL 4592791, at \*4 (Tex.

13

App.—Dallas Aug. 11, 2020, no pet.) (holding trial court implicitly denied motion for continuance when it proceeded with hearing on motion for summary judgment); *cf. Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (per curiam) (noting that a ruling may be implied if the implication is "clear"). We review whether the trial court abused its discretion in denying the motion to continue the hearing.

No continuance may be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. We review the denial of a motion for continuance under the abuse-of-discretion standard. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Matter of Marriage of Moncur*, 640 S.W.3d 309, 320–21 (Tex. App.—Houston [14th Dist.] 2022, no pet.). On appeal, appellants allege the trial court abused its discretion because Boxer's motion did not contain a certificate of conference as required by local rule. *See* Harris (Tex.) Civ. Dist. Ct. Loc. R. 3.3.6 (requiring a certificate of conference on all motions except summary judgments, default judgments, agreed judgments, motions for voluntary dismissal or non-suit, post-verdict motions and motions involving service of citation).[3]

The purpose of a rule requiring a certificate of conference is to ensure that parties cooperate during the discovery process and make reasonable efforts to resolve discovery disputes without the necessity of court intervention. *See In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 184 (Tex. 1999) (orig. proceeding); *Centennial Psychiatric Associates, LLC v. Cantrell*, No. 14-17-00380-CV, 2017 WL 6544283, at *13 n.17 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, no pet.)

---

[3] Appellants have not argued, as they did in the trial court, that they were entitled to a continuance due to counsel's absence. Absence of counsel is not a ground for a continuance except at the discretion of the trial court upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record. *See* Tex. R. Civ. P. 253; *Gendebien v. Gendebien*, 668 S.W.2d 905, 907 (Tex. App.—Houston [14th Dist.] 1984, no writ).

(mem. op.). The Texas Supreme Court held that a rule requiring a certificate of conference "is for the benefit of the trial court," and declined to grant mandamus relief due to the failure to require such a certificate. *Groves v. Gabriel*, 874 S.W.2d 660, 661 n.3 (Tex. 1994).

Similarly, the trial court in this case determined that a certificate of conference was unnecessary because parties rarely agree to discovery sanctions. The record reflects that the parties were unable to resolve discovery disputes in this case without court intervention. Indeed, the court issued multiple orders to compel discovery and assessed monetary sanctions three times before it denied appellants' motion for continuance and struck their pleadings. Moreover, appellants were represented by stand-in counsel at the hearing on Boxer's motion to strike. We conclude appellants' motion was not supported by sufficient cause, and the trial court did not abuse its discretion in denying the motion for continuance. We therefore overrule appellants' second issue.

## IV. Sanctions Order

### A. Preservation of Error

Before proceeding with the analysis of appellants' remaining issues challenging the trial court's order striking their pleadings, we first address Boxer's contention that because appellants failed to assert specific arguments in their motion for reconsideration and failed to obtain a specific ruling on their motion, they have waived their right to complain of the trial court's ruling. To preserve error for appellate review, appellants had to present their complaint to the trial court by a motion to amend or correct the judgment, a motion for new trial, or some other similar method. *Akhtar v. Leawood HOA, Inc.*, 525 S.W.3d 814, 820 (Tex. App.— Houston [14th Dist.] 2017, no pet.). Appellants filed a timely motion for reconsideration, challenging the trial court's order striking their pleadings. Thus,

15

appellants preserved their complaint striking their pleadings for appellate review. *See Wade*, 2002 WL 1404713 at \*2. (party against whom sanctions were imposed preserved error by filing motion for new trial).

Having determined appellants preserved error, we proceed with analysis of their challenges to the trial court's order.

**B.      Standard of Review and Applicable Law**

In *TransAmerican Natural Gas Corp. v. Powell*, the Texas Supreme Court created a two-prong analysis to determine if a sanction is just. 811 S.W.2d 913, 916 n. 4 (Tex. 1991). "First, a direct relationship must exist between the offensive conduct and the sanction imposed." *Id*. This means the sanction must remedy the prejudice caused the innocent party and punish the actual offender, whether that be the party or its counsel. *Id*. This first prong also contemplates a showing by the moving party that it is unable to prepare for trial without the requested discovery. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 850 (Tex. 1992). The second prong in determining if a sanction is "just" is that the sanction must not be excessive. *TransAmerican*, 811 S.W.2d at 917. The "punishment should fit the crime." *Id*. Within the second prong, trial courts must consider lesser sanctions before resorting to death-penalty sanctions, for ultimate sanctions violate due process absent a party's flagrant bad faith or counsel's callous disregard for the discovery process. *Id*. at 918. "[D]iscovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *Id*.

We review the trial court's actions in striking appellants' pleadings using the factors set out in *TransAmerican* to determine whether the sanctions are just, and by examining the entire record before us to determine whether the trial court's findings are supported by the record. *See TransAmerican*, 811 S.W.2d at 917. We may uphold

16

the trial court's sanctions award if any of the sanctionable conduct in the order has support in the record. *See Chevron Phillips Chem. Co. P.P. v. Kingwood Crossroads, L.P.*, 346 S.W.3d 37, 74 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (explaining that when party seeking sanctions asserted that opposing party violated a discovery order in ten ways, sanctions would be upheld if the record supported any of the alleged violations) (citing *Am. Flood Research*, 192 S.W.3d at 583).

In appellants' remaining issues, they assert the trial court acted arbitrarily, unreasonably, or without reference to guiding rules or principles by: (1) imposing sanctions that were more severe than necessary to satisfy legitimate purposes; (2) sanctioning appellants for the failure of their corporate designee to appear for his scheduled deposition; (3) continuing to sanction and then striking appellants' pleadings when Boxer was no longer able to meet its burden to prove it could not prepare for trial without additional discovery; and (4) striking appellants' pleadings because the sanctioned conduct did not justify the presumption that their claims and defenses lacked merit. We address appellants' issues in the context of the *TransAmerican* factors.

### C.  Analysis of *TransAmerican* Factors

#### 1.  *Sanction must bear direct relationship to the offensive conduct.*

The first prong of *TransAmerican* requires a direct relationship between the offensive conduct and the sanctions imposed. 811 S.W.2d at 917. The sanction must remedy the prejudice caused the innocent party and punish the actual offender, whether that be the party or its counsel. *Id*. This first prong also contemplates a showing by the movant that it is unable to prepare for trial without the requested discovery. *Chrysler*, 841 S.W.2d at 850. In appellants' fifth issue on appeal they challenge the trial court's sanctions under this first prong asserting the trial court abused its discretion because Boxer did not prove it was unable to prepare for trial

17

without additional discovery.

Under this issue appellants focus on the trial court's order that struck appellants' pleadings unless they provided an affidavit from a corporate representative describing all efforts taken to comply with discovery. The order also provided that if Boxer could demonstrate that any statement in the affidavit was false the pleadings would remain struck. The records reflect that Choudhri filed an affidavit purporting to explain the efforts to comply with Boxer's discovery requests. When the trial court asked Boxer's counsel whether the affidavit contained false statements, counsel responded that he needed to take Choudhri's deposition before he could determine whether it was false. The recitations above detail the efforts undertaken to secure Choudhri's deposition and Choudhri's success in blocking those efforts.

Rather than produce Choudhri, appellants produced employees of one of Choudhri's other companies who were unable to provide meaningful answer's to Boxer's deposition questions. The "corporate representatives" had not reviewed appellants' written discovery and did not know if appellants possessed the documents sought to be produced. Appellants' representatives were unable to testify regarding the majority of the topics contained in the deposition notices, which were necessary to investigate appellants' claims and defenses.

To be sure, it was Boxer's duty to show the documents and discovery it sought existed. *See Global Services, Inc. v. Bianchi*, 901 S.W.2d 934, 937 (Tex. 1995). However, it is appellants' burden to produce a sufficient record showing the lack of evidence or error by the trial court. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *Youngs v. Choice*, 868 S.W.2d 850, 853 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding that a sufficient record must be brought forward to affirmatively show the error committed by the trial court in imposing sanctions).

Choudhri, as the author of the affidavit attempting to explain why discovery had not been produced, deliberately failed to appear at several depositions. Appellants deliberately failed to respond to discovery requests after being instructed multiple times to do so. The only representatives produced could not testify to why appellants had failed to comply with discovery.

Based on the record before us we cannot hold that Boxer failed to carry its burden to show sanctions were warranted. The trial court found sufficient evidence that appellants engaged in repeated discovery abuse to strike their pleadings. The record reveals a direct relationship between the abusive conduct and the discovery sanctions, and because appellants failed to produce a sufficient record to show otherwise, the death-penalty sanctions based on this abuse meet the first prong of *TransAmerican*. We overrule appellants' fifth issue.

### 2. Sanction must not be excessive.

The second *TransAmerican* factor requires that the sanction not be excessive. The three elements to consider in determining whether a sanction is excessive are (1) whether the court considered and/or tested lesser sanctions to see if lesser sanctions would promote compliance and deterrence and discourage further abuse; (2) whether the sanctions are no more severe than necessary to satisfy the legitimate purposes of a sanction (i.e., to secure compliance, to deter others and to punish); and (3) whether the party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit. *Butan Valley, N.V. v. Smith*, 921 S.W.2d 822, 831 (Tex. App.—Houston [14th Dist.] 1996, no writ) (citing *Chrysler Corp.*, 841 S.W.2d at 849; *TransAmerican*, 811 S.W.2d at 917).

In appellants' third, fourth, and sixth issues they challenge the trial court's sanctions order by asserting the court did not consider lesser sanctions, erred in assessing sanctions for the failure of Choudhri to appear for a deposition, and the

sanctioned conduct did not justify the presumption that appellants' claims and defenses lacked merit. We will address these issues together as they each fall within the second *TransAmerican* prong.

The first and second elements of the second prong of *TransAmerican* require the trial court to test lesser sanctions before striking a party's pleadings to determine whether they are adequate to secure the compliance of the offender, and that sanctions should be no more severe than necessary to satisfy the legitimate purposes of sanctions for discovery abuse. In its order, the trial court made a finding that imposition of lesser sanctions had been assessed and that "such sanctions have not and would not promote such compliance or deter similar conduct." The record supports the trial court's finding that lesser sanctions would not have promoted compliance or have been a more fitting punishment for appellants' discovery abuse.

The trial court not only considered lesser sanctions, i.e., the suggestion that Choudhri not be permitted to testify at trial unless he appeared for deposition, the court actually assessed lesser sanctions. Three times, the trial court assessed monetary sanctions for a total of $14,500 in sanctions. Boxer noticed Choudhri's deposition at least three times. Not only did Choudhri not appear but appellants produced two employees of another one of Choudhri's companies who were unable to answer basic questions about appellants' claims and defenses. In total, the trial court issued five orders on Boxer's motions to compel and for sanctions. In the second order the trial court assessed monetary sanctions. In the third order the trial court conditionally struck appellants' pleadings providing appellants an opportunity to explain why discovery had not been produced. In the trial court's fourth order it granted appellants' continuance, assessed monetary sanctions, and gave appellants another chance to produce a corporate representative for deposition.

An order to compel that contains a warning that a party's pleadings will be

struck if the party fails to comply has been held to constitute a lesser sanction. *GTE Andras v. Memorial Hosp. Sys.*, 888 S.W.2d 567, 572 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (order to compel coupled with language that noncompliance will result in dismissal constitutes a lesser sanction); *see also Jaques v. Texas Employers' Ins. Ass'n*, 816 S.W.2d 129, 131 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding that if a party failed to comply with an order to compel discovery with the knowledge its pleadings would be struck for non-compliance, death-penalty sanctions would be appropriate). The conduct reflected in this record is sufficient to warrant death-penalty sanctions. Appellants did not attempt to comply with the trial court's orders until after being warned several times and assessed monetary sanctions. Appellants never produced Choudhri for deposition and produced corporate representatives with no knowledge of the relevant facts in dispute. The record supports the trial court's finding that lesser sanctions had been tested before the trial court's imposition of death-penalty sanctions; therefore, the first and second elements of *TransAmerican's* second prong are satisfied. We overrule appellants' third and fourth issues.

In appellants' sixth issue they challenge the trial court's finding that appellants' hindrance of the discovery process justified a presumption their claims and defenses lacked merit.

A sanction should not be used to adjudicate the merits of the case unless the party's actions justify a presumption that the case lacks merit. *TransAmerican*, 811 S.W.2d at 917. A party's refusal to produce material evidence, despite imposition of lesser sanctions, may, however, warrant the presumption an asserted claim or defense lacks merit and permit the trial court to dispose of it. *See Cire*, 134 S.W.3d at 839. On this issue, the trial court found:

The Court further finds Plaintiff is prejudiced by Defendants' ongoing

21

and persistent refusal to comply with the rules of discovery in that Plaintiff has been unable to obtain information to which it is entitled to reasonably investigate and prosecute/defend the claims and defenses filed in this cause. Accordingly, there is a direct relationship between Defendants' offensive conduct and the sanction set forth herein.

The record supports the trial court's findings. Boxer asserted claims based on two primary theories: breach of contract, and fraudulent transfer/transferee liability. In discovery, Boxer sought production of tax returns and financial documents dating back to when the Management Agreement was signed. Boxer also asserted a claim against Galleria under the theory of fraudulent transfer and transferee liability. In asserting this claim Boxer alleged that appellants acted fraudulently in the foreclosure of the Property and its subsequent purchase by Galleria. Boxer alleged that the transfer of ownership was a sham orchestrated to fraudulently extinguish Boxer's lien. In that regard, Boxer sought documents and communications involved in the foreclosure and subsequent purchase of the Property. Boxer also sought not only to depose Choudhri on the veracity of his affidavit but on his knowledge of the entities Boxer had sued.

The discovery requested by Boxer was materially related to the issues of their causes of action for breach of contract and fraudulent transfer. Appellants' repeated failure to respond to Boxer's requests for discovery and notices of deposition support the presumption that their conduct was motivated by a desire to keep Boxer from learning about the true nature and extent of the transactions involved. This conduct justifies the presumption that appellants' claims and defenses lacked merit. Because appellants' deliberate hindrance of the discovery process justifies the conclusion that their claims and defenses lacked merit, striking of their pleadings did not violate their due process rights. *See TransAmerican*, 811 S.W.2d at 918. Thus, the third element of *TransAmerican's* second prong has been satisfied. We overrule appellants' sixth issue.

## CONCLUSION

Having overruled appellants' issues we affirm the trial court's judgment.


/s/ Jerry Zimmerer
Jerry Zimmerer
Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan.